THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ANDRE D. GAY, Defendant-Appellant.

Third District   No. 3—91—0865

Opinion filed January 8, 1993.

Charles L. Jones, of State Appellate Defender's Office, of Springfield, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The defendant, Andre D. Gay, appeals his convictions for disarming a peace officer and resisting a peace officer (Ill. Rev. Stat. 1991, ch. 38, pars. 31—1a, 31—1). The issues on appeal concern whether his actions constituted disarming an officer, and whether he established a compulsion defense. We find that he was properly convicted and affirm.

According to the record, Moline police officer Timothy Krakovec testified that on March 11, 1991, he and Officer Bruce Kauzlarich were instructed to find the defendant and bring him to the police station. They did not have a warrant for his arrest. After they found him at a local residence, he agreed to accompany them back to the station. When they approached the door of the home, however, he began running.

The officers gave chase, and Krakovec eventually found him in another yard. He told the defendant that he must stop, that he was under arrest, and that he was to get down on the ground. The defendant continued walking. Krakovec then hit the defendant several times in the thigh with his nightstick. When those blows had no effect, he grabbed the defendant's right shoulder and chin. The defendant bit the officer's hand, and the two began struggling. The defendant gained the upper hand and punched the officer four times in the face. Krakovec fought back by jabbing his nightstick into the defendant's stomach and ribs. When the defendant reached down to Krakovec's gun belt, Krakovec grabbed the gun and covered the trigger with his first two fingers so it could not be fired.

Krakovec said that he heard the snap on his holster release. Using both hands, the defendant pulled the gun out of the holster. The officer dropped his nightstick and grabbed the gun with both hands. The defendant pushed Krakovec's wrist back and twisted Krakovec's fingers off the trigger guard. At this point, the gun was pointed directly at Krakovec's face, and Krakovec was only holding it with his thumb and last two fingers. As he was losing his grip, he tried to hold the hammer to prevent a shot from being fired. When the defendant said, "I'm going to kill you," Krakovec pushed the defendant's hand from the top of the weapon to the end of it. As Krakovec pushed the gun away from his face and the defendant pulled it, the weapon fired into the defendant's right hand.

The officer testified that they continued struggling over the gun. Krakovec was able to keep a hand on the gun at all times. The defendant kept his left hand on the gun, and later used his right hand as well. As each man attempted to pull the gun toward himself, the weapon fired a second time, striking the defendant in the thigh and the officer in the foot. The defendant then took his hands off the gun and followed Krakovec's instruction to get down on the ground. Soon thereafter, Kauzlarich arrived and handcuffed the defendant.

Officer Kauzlarich testified that when the defendant began running, he chased him. However, he soon lost sight of him. He then heard two shots being fired. The second shot sounded louder than the

first. When he came upon Krakovec and the defendant, Krakovec was holding a gun. He saw that Krakovec had cuts and blood on his face, and that his hands and gun were bloody.

The defendant testified that he ran from the officers to go to a friend's house and get bail money. Krakovec caught the defendant and grabbed him by the neck. Krakovec never told him to stop running or that he was under arrest. He also did not take out his nightstick, although he was holding his gun in his left hand.

The defendant said that as he struggled against the officer, the gun discharged into his thigh. When the defendant fell to the ground, Krakovec kneeled over him and pointed the gun in his face. The defendant thought that Krakovec was going to shoot him, so he placed his right hand over the gun barrel. The officer then shot the defendant in his hand.

The defendant said that he never intended to disarm or injure the officer. He also denied striking Krakovec in the face. He admitted that he had been previously convicted of residential burglary.

Dr. Forrest King testified that he examined Krakovec and the defendant following the shooting. He believed that the defendant could have used his hand after it had been shot. He noted that although using it would have been painful, all of the fingers were functioning except the index finger. He also said that Krakovec had sustained an abrasion to the inside of his lower lip.

A nearby resident, David Wolfe, testified that he heard the shots fired that evening. The second shot was louder than the first.

On appeal, the defendant first argues that he was not proven guilty of disarming a peace officer. Essentially, the defendant contends that since the officer admitted he was able to keep a hand on his gun throughout the struggle, the defendant did not take a gun from his person.

In deciding this question, we note that the statute states that a person commits the offense "by taking a firearm from the person of the peace officer." (Ill. Rev. Stat. 1991, ch. 38, par. 31—1a.) As a court of review, we must give effect to the legislature's intent in passing this statute. *People v. Scott* (1974), 57 Ill. 2d 353, 312 N.E.2d 596.

Here, the obvious intent of the legislature was to prevent the disarming of police officers and the seizing of weapons by dangerous citizens. According to the officer's testimony, which the jury apparently accepted, the defendant removed the officer's gun from his holster. Although the officer kept a hand on his gun, the defendant managed to twist it around so that it was pointing in the officer's face. The

defendant then said that he was going to kill him. His testimony therefore shows that at one point during the fight, Krakovec had effectively lost control of the weapon and the defendant had gained almost complete control of it.

■ Based on these facts, we find that the defendant could be convicted of disarming an officer. We do not believe that the legislature intended that an officer must be completely separated from his weapon in order for the statute to apply. Instead, we find that where the defendant has caused the officer to lose control of his weapon, the defendant may be convicted of the offense.

The defendant next argues that he was not proved guilty of disarming an officer because the evidence showed that he was compelled to grasp the gun to avoid death or great bodily harm. Although he acknowledges that Krakovec's testimony tended to refute his compulsion defense, he contends that the testimony was unbelievable. He notes, *inter alia*, that he would not have shot himself in the hand while struggling over the gun, and that he would not have used his hand after it had been shot.

On review, the relevant question is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found that the elements of the crime had been proved beyond a reasonable doubt. (*People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.) It is the jury's function as the trier of fact to resolve any conflicts in the evidence, and it is not the reviewing court's function to retry the defendant. (*People v. Sanchez* (1986), 115 Ill. 2d 238, 503 N.E.2d 277.) Thus, when the evidence is merely conflicting, a reviewing court will not substitute its judgment for that of the trier of fact. *People v. Miller* (1991), 222 Ill. App. 3d 1081, 584 N.E.2d 551.

■ We find that the officer's testimony was clearly credible enough to serve as a basis for the conviction. First, contrary to the defendant's assertion, it is not unlikely that the defendant would have shot his hand while he struggled over the gun. Krakovec explained that the first shot was fired as he pushed the gun away from his face and the defendant tried to pull the gun toward himself. Under these circumstances, it is quite possible that the trigger could have been pulled with sufficient force to fire the gun.

Second, we disagree with the defendant's assertion that he could not have used his right hand after it had been shot. Dr. King testified that the defendant could have used his hand after it had been wounded. He noted that although using it would have been painful, all of the fingers on the hand were functioning except the index finger. We do not find it implausible that the defendant would have temporar-

ily ignored the pain in his hand as he struggled with the officer for control of a lethal weapon.

We also note that Krakovec's testimony was corroborated by the other witnesses. Wolfe and Kauzlarich testified that the second shot was louder than the first. Their testimony tended to support the officer's assertion that the first shot was fired as the defendant's hand was over the gun barrel, thereby muffling the sound. Additionally, Kauzlarich testified that Krakovec had cuts and blood on his face, and Dr. King noted that Krakovec had an abrasion on his lower lip. This testimony supported Krakovec's assertion that he had been punched in the face. Lastly, we note that the defendant's credibility had been impeached by his prior conviction for residential burglary.

In sum, the evidence concerning the compulsion defense was merely conflicting. We find nothing in the record leading us to conclude that the jury's determination must be overturned. We therefore affirm the judgment of the circuit court of Rock Island County.

Affirmed.

McCUSKEY and SLATER, JJ., concur.