THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JACKIE L. KOPCZICK, Defendant-Appellant.

Third District   No. 3—98—0290

Opinion filed April 14, 2000.

Sherry R. Silvern (argued), of State Appellate Defender's Office, of Ottawa, for appellant.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and John Wood (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOMER delivered the opinion of the court:

Defendant was charged with three counts of aggravated criminal

sexual assault (720 ILCS 5/12—14(b)(1) (West 1994)) and three counts of aggravated criminal sexual abuse (720 ILCS 5/12—16(d) (West 1994)). Following a jury trial, he was convicted and sentenced to 16 years' imprisonment on each count of criminal sexual assault with the sentences to run concurrently. He was further sentenced to five years' imprisonment on each count of criminal sexual abuse to be served concurrently with each other, but consecutively to the former sentence.

Defendant appeals arguing that (1) he was not proven guilty beyond a reasonable doubt; (2) the trial judge erred in making several evidentiary rulings; (3) the prosecutor committed reversible error during his closing argument; (4) the trial judge erred in instructing the jury; and (5) the trial judge abused his discretion in sentencing defendant by considering an improper aggravating factor. We affirm on all issues.

## FACTS

At trial, S.P. testified that her stepfather, defendant, had sexually abused her. The abuse began when she was in the sixth or seventh grade. The first incident occurred when defendant asked her to stay home from school. He asked her to come into his bedroom to talk, gave her an alcoholic drink, and began to talk to her about sex. Defendant then had S.P. perform oral sex on him. Afterwards, she was upset and he said it would never happen again. However, within a few months, defendant performed oral sex on S.P. and had sexual intercourse with her. S.P. testified that the sexual abuse continued through her sophomore year in high school and that the number of incidents were too numerous to count.

She recalled one incident where she and defendant were in the living room and defendant removed her underwear, pulled her pajamas up, and was rubbing her stomach. S.P.'s mother entered the room and began crying and asked what was happening. Defendant and S.P. told her nothing happened. When S.P. was a sophomore in high school, she told defendant that she was not going to allow him to abuse her anymore.

In the summer of 1996, S.P. moved in with the Schotts, friends of the family, to help Mrs. Schott care for her children. S.P. told the Schotts about the abuse by her stepfather following a phone call from her sister.

Tammy Kopczick, defendant's wife and S.P.'s mother, testified that, on one occasion, she awoke in the middle of the night, walked into the living room, and saw defendant and S.P. lying on the floor. S.P. had a pillow over her face and she was crying. Her pajamas were pulled up and she was not wearing underwear. Tammy started scream-

ing and when defendant jumped up, she noticed his jogging pants were pulled down. Defendant cried and said he was sorry. He told her he was just rubbing S.P.'s stomach because she had a stomachache. Defendant and S.P. both told her that nothing happened.

Defendant, a police officer and former police chief, gave a voluntary confession (including a written statement) in which he stated that S.P. had performed oral sex on him a number of times and that he had touched her in a sexual manner. Defendant denied that he ever had sexual intercourse with S.P. He testified that he confessed because the officer taking his statement told him that the only way defendant could get his family back together again was to admit that he had abused S.P..

## ANALYSIS

### I. Reasonable Doubt

Defendant argues that he was not proven guilty beyond a reasonable doubt. Defendant was charged with committing criminal sexual acts both before and after October 1991. He asserts that the evidence was insufficient because S.P. did not testify regarding specific incidents during the latter time period.

Second, defendant contends that S.P.'s testimony was not credible and that she was motivated to lie because (1) she often fought with her parents; (2) defendant made unfulfilled promises that S.P. would get her own bedroom and a car; and (3) she was told that she would have to help pay for college and pay part of the expenses when she moved home after living with the Schotts. Defendant also asserts that S.P.'s testimony was rife with inconsistencies, including the fact that she testified that defendant's hernia scar was on the left side of his body when it was actually on the right.

Further, defendant denies that there was an opportunity to commit the offenses because the house was small and filled with children and defendant was often out in the evenings.

Defendant also questions Tammy's credibility given her purported inconsistent testimony regarding the "living room incident" when Tammy found defendant and S.P. lying on the floor partially clothed. He asserts that when testifying at a hearing for an order of protection, Tammy never mentioned that defendant's jogging pants were pulled down during the incident. Defendant adds that neither he nor S.P. ever testified that anything of a sexual nature occurred during that incident.

Finally, defendant attempts to explain his statements to the police where he admitted that S.P. had performed oral sex on him and that while he was rubbing her stomach (during the "living room incident")

his "hand probably touched her vagina." He asserts that after three or four hours of interrogation, he broke down and agreed to admit anything S.P. said about him in order to get his family back.

■ When presented with a challenge to the sufficiency of the evidence, it is not this court's function to retry the defendant. *People v. Gay*, 239 Ill. App. 3d 1023, 1026, 607 N.E.2d 299, 301 (1993). Rather, the relevant question on appeal is whether a rational trier of fact, after viewing all of the evidence in the light most favorable to the prosecution, could have found the essential elements of the crime proven beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277 (1985). The determination of the weight to be given to witnesses' testimony, their credibility, and reasonable inferences to be drawn from the evidence is the responsibility of the trier of fact. *People v. Steidl*, 142 Ill. 2d 204, 226, 568 N.E.2d 837, 845 (1991). In making its determination, the jury is not required to accept the defendant's version of events but, rather, must consider the probability or improbabilities of his testimony, the circumstances surrounding the incident, and the testimony of other witnesses. *People v. Ranola*, 153 Ill. App. 3d 92, 98, 505 N.E.2d 1191, 1196 (1987). On these issues, the jury was faced with questions of witness credibility and, by its verdict, decided these matters adversely to defendant.

■ Our review of the record indicates that, from the evidence presented, the jury could have found the essential elements of the crime proven beyond a reasonable doubt. S.P. testified that defendant sexually abused her on an almost daily basis from the time she was in the sixth or seventh grade through her sophomore year in high school, giving detailed accounts of three of those incidents. She said that the abuse occurred in defendant's bedroom when he was supposed to be helping her with homework, when she was home alone with him while her mother was at work, and in their van when they went fishing alone. Tammy testified that she witnessed defendant touching S.P. as he and S.P. lay partially clothed on the living room floor. Moreover, defendant himself admitted that he "probably touched [S.P.'s] vagina" during this incident and that she had performed oral sex on him on more than one occasion. Viewing this evidence in the light most favorable to the prosecution, we determine that defendant was proven guilty beyond a reasonable doubt.

## II. Evidentiary Rulings

Defendant further argues that the trial court erred in certain of its evidentiary rulings thus depriving him of a fair trial. To preserve an issue for review, an objection to the alleged error must be made at trial and included in a posttrial motion. *People v. Enoch*, 122 Ill. 2d

176, 186, 522 N.E.2d 1124, 1130 (1988). Defendant did not include these particular contentions in his motion for a new trial; thus, they are waived. However, the plain error doctrine permits a reviewing court to consider issues waived on appeal if the evidence is closely balanced or if the error is of such magnitude that the defendant is denied a fair trial. *People v. Herrett*, 137 Ill. 2d 195, 209-10, 561 N.E.2d 1, 7-8 (1990). Therefore, we examine defendant's contentions pursuant to a plain error analysis.

### a. S.P.'s Testimony

■ Over defense objection S.P. was allowed to testify that, following a phone call from her sister in the summer of 1996, she told the Schotts that defendant had sexually abused her. Defendant argues that this statement was hearsay that did not fall within any of the hearsay exceptions. The State contends that the testimony was admitted to show S.P.'s state of mind in deciding to report the abuse. While we agree with defendant that this testimony was admitted in error, we find that it did not rise to the level of plain error. A review of the record reveals that the evidence was not closely balanced, particularly given defendant's confession, nor was this testimony of such magnitude that defendant was denied a fair trial.

Defendant next asserts that the trial court erred in allowing the prosecutor to ask S.P. leading questions regarding the offenses that took place after she turned 13 and in allowing S.P. to testify repetitively during this same line of questioning. While leading questions directed to young children who are victims of sexual abuse may be properly allowed (see *People v. Ridgeway*, 194 Ill. App. 3d 881, 885, 551 N.E.2d 790, 792 (1990)), S.P. was 19 years old at the time of trial and fully able to testify; thus, leading questions were inappropriate in this instance. However, her testimony did not amount to plain error because it was cumulative of other testimony properly presented. Earlier on direct examination, she had testified that the abuse by defendant occurred on a regular basis until she was a sophomore in high school.

Finally, defendant contends that the trial court erred in allowing S.P. to testify in a narrative, unresponsive fashion during cross-examination. However, the passage cited by defendant reflects that he was slow to object to this testimony. Additionally, S.P.'s response was repetitive of earlier testimony and did not deprive defendant of a fair trial. Therefore, we determine that no plain error occurred in this instance.

### b. Tammy's Testimony

■ Defendant argues that the trial court erred when it sustained

the prosecutor's hearsay objection to Tammy's testimony that S.P. told Tammy she believed Tammy did not love her anymore. Defendant asserts that this testimony would have supported defendant's theory that S.P. had several motives to lie about the abuse. In fact, when the prosecutor objected to this testimony, the defense attorney did not respond or offer any hearsay exception as a rationale for the introduction of such testimony. In addition, he was allowed to introduce this same hearsay testimony through defendant, so we are not persuaded that he was prejudiced by the trial court's ruling.

### c. Rape Shield Statute

■ Defendant contends that the trial court erred in finding that testimony regarding "general problems" S.P. had with her previous stepfather violated section 115—7(a) of the Code of Criminal Procedure of 1963, commonly referred to as the rape shield statute. 725 ILCS 5/115—7(a) (West 1998). Under this section, in prosecutions for certain sex crimes, evidence of prior sexual activity of the alleged victim is inadmissable except under certain circumstances, not applicable here. Defendant sought several times to introduce evidence regarding S.P.'s accusations of sexual abuse by her prior stepfather, but the court ruled that such testimony violated section 115—7(a). Finally, defendant requested that he be allowed to testify that S.P. had "general problems" with her prior stepfather, but the court would not allow this testimony for the same reason.

We determine that the trial court did not err in prohibiting such testimony. Whether S.P. had general problems with her prior stepfather was not relevant to defendant's case, and defendant was not prejudiced by its preclusion. Accordingly, defendant suffered no plain error.

### III. Prosecutorial Misconduct

Defendant asserts that the prosecutors committed error during their closing argument when they (1) mentioned that defendant took S.P.'s virginity; (2) vouched for the credibility of S.P. and Tammy; and (3) told the jury that the only way defendant could be believed would be if all the State's witnesses were wrong. Defendant also asserts that the prosecutor violated the rape shield statute when she asked S.P. on direct examination if she was a virgin prior to her first sexual encounter with defendant.

■ Defendant failed to object to the virginity comments during trial or in his motion for a new trial. Accordingly, we will only consider them under the plain error doctrine. Our supreme court has held that neither defendant nor the State may introduce evidence of a victim's past sexual history. *People v. Sandoval*, 135 Ill. 2d 159, 170-71, 552

N.E.2d 726, 731 (1990). Clearly, the State erred in raising the issue of S.P.'s virginity. However, as noted above, the evidence in this case was not closely balanced. Furthermore, defendant has not demonstrated how these comments deprived him of a fair trial; thus, we find no plain error.

Defendant next argues that the prosecutor committed error when he stated that he would "submit that Tammy['s] and [S.P.'s] memories are accurate ***, and [he] would ask that [the jury] believe them," and when he stated that defendant would have the jury believe that all of the State's witnesses were lying. Defense counsel did not object to the first comment, nor did he include either of these contentions in his motion for a new trial; thus, they are waived.

Improper prosecutorial remarks can be cured by an instruction to the jury to disregard argument not based on the evidence and to consider instead only the evidence presented to it. *People v. Thomas*, 172 Ill. App. 3d 172, 179, 526 N.E.2d 467, 471 (1988). Moreover, such comments will not justify setting aside a conviction unless they resulted in substantial prejudice and were a material factor in the defendant's conviction. *Thomas,* 172 Ill. App. 3d at 179, 526 N.E.2d at 471. While the prosecutor's remarks *sub judice* bordered on being inappropriate, we note that the jury was instructed that closing arguments are not evidence and to disregard any argument not based on the evidence. Furthermore, we are not persuaded that these remarks were a material factor in defendant's conviction, given the evidence presented. Consequently, we will not find that these remarks constituted plain error.

## IV. Jury Instruction

■ Defendant argues he was improperly denied a jury instruction regarding the use of prior inconsistent statements. Whether to issue a specific jury instruction is within the province of the trial court, and such a decision will not be reversed absent an abuse of discretion. *People v. Morgan*, 307 Ill. App. 3d 707, 715, 718 N.E.2d 206, 214 (1999).

■ Defendant asserts that each of the State's witnesses made a prior inconsistent statement that the jury should have been allowed to consider as substantive evidence pursuant to section 115—10.1 of the Code of Criminal Procedure, which states in part:

"Admissibility of Prior Inconsistent Statements. In all criminal cases, evidence of a statement made by a witness is not made inadmissible by the hearsay rule if

(a) the statement is inconsistent with his testimony at the hearing or trial, and

(b) the witness is subject to cross-examination concerning the statement, and

(c) the statement—
>   (1) was made under oath at a trial, hearing, or other proceeding, or
>   (2) narrates, describes, or explains an event or condition of which the witness had personal knowledge, and
>> (A) the statement is proved to have been written or signed by the witness, or
>> (B) the witness acknowledged under oath the making of the statement either in his testimony at the hearing or trial in which the admission into evidence of the prior statement is being sought, or at a trial, hearing, or other proceeding ***." 725 ILCS 5/115—10.1 (West 1996).

■ The jury instruction conference was conducted after defendant testified, but before defendant rested. The trial court stated that, in order for defendant's requested instruction on the substantive use of inconsistent statements to be given (Illinois Pattern Jury Instructions, Criminal, No. 3.11 (3d ed. 1992)), defendant would have to lay a proper foundation for the inconsistent statements and offer them as substantive evidence. Rather than calling the relevant witnesses to lay the foundation required by the court, defendant instead elected to rest his case.

A proper foundation must be laid before prior inconsistent statements are allowed into evidence. *People v. Hallbeck*, 227 Ill. App. 3d 59, 62, 590 N.E.2d 971, 972 (1992). Defendant offers no exception to this rule or rationale for his failure to comply with it. Therefore, we determine that the trial court did not abuse its discretion in denying the proffered jury instruction.

## V. Sentencing

■ Defendant argues that the trial judge abused his discretion in sentencing defendant by not adequately evaluating his rehabilitative potential and by considering an improper aggravating factor. Initially, we note that defendant failed to raise these issues in a postsentencing motion. See 730 ILCS 5/5—8—1(c) (West 1996). A defendant must file a written postsentencing motion in the trial court to preserve sentencing issues for appellate review. *People v. Reed*, 177 Ill. 2d 389, 390, 686 N.E.2d 584 (1997). However, a defendant has a right not to be sentenced based upon improper factors in aggravation, and a trial judge's reliance upon an improper factor in sentencing impinges upon defendant's fundamental right to liberty. *People v. Whitney*, 297 Ill. App. 3d 965, 969, 697 N.E.2d 815, 818 (1998). Accordingly, we will consider the allegation regarding the improper aggravating factor under the plain error doctrine.

According to the Unified Code of Corrections, the following factor may be considered as a reason to impose a more severe sentence:

"(4) the defendant, by the duties of his office or by his position, was obliged to prevent the particular offense committed or to bring the offenders committing it to justice." 730 ILCS 5/5—5—3.2(a)(4) (West 1996).

The record reflects that the trial court considered as an aggravating factor defendant's position as a police officer when he committed the sexual abuse and that, as a police officer, he was obliged to prevent criminal activity. Defendant acknowledges the dearth of case law interpreting this aggravating factor. However, he argues that by the use of the plural "offenders," the legislature must have been referring to the criminal acts of codefendants or other offenders that defendant was obliged to prevent, and not to his own acts. We find no authority or basis in law for defendant's contention. Accordingly, we hold that the trial court did not err in considering defendant's status as a police officer in imposing sentence.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

HOLDRIDGE and KOEHLER, JJ., concur.