2015 IL App (1st) 140205

FIRST DIVISION
JUNE 22, 2015

No. 1-14-0205

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 09 CR 1004 |
| | ) | |
| JUAN ROMERO, | ) | Honorable |
| | ) | Stanley J. Sacks, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justice Cunningham concurred in the judgment and opinion.
Presiding Justice Delort dissented, with opinion.

**OPINION**

¶ 1    Defendant, Juan Romero, went to trial on charges of attempted first degree murder of a peace officer, aggravated battery with a firearm against a peace officer, and aggravated discharge of a firearm against a peace officer in connection with a shooting that occurred on December 4, 2008.   Defendant attempted to flee from two Chicago police officers and fired two gunshots in the process.   One of those gunshots hit one of the officers in his clavicle.   The other police officer pursued defendant, shot him, and arrested him.   Defendant maintained that he only fired the shots in an attempt to scare the officers and to aid his escape.   A jury acquitted defendant of attempted first degree murder, but convicted him of aggravated discharge of a firearm and aggravated battery with a firearm.   The circuit court sentenced defendant to a total of 42 years' imprisonment based on the imposition of consecutive sentences of 12 years' imprisonment for

aggravated discharge of a firearm and 30 years' imprisonment for aggravated battery with a firearm. This court affirmed defendant's conviction and sentence on direct appeal. *People v. Romero*, 2012 IL App (1st) 103363-U.

¶ 2    In September of 2013, defendant filed a postconviction petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2012)), alleging his constitutional rights were substantially violated by errors committed by his trial and appellate counsel. Relevant here, defendant argued that his trial and appellate counsel failed to argue that the circuit court considered an improper factor in aggravation in crafting his sentence.[1]    Specifically, defendant argues that the circuit court's statement during sentencing that "defendant was a little worse shot than he thought he would have been" resulted in the circuit court relying on its own subjective assessment of defendant's intent despite the jury's finding that defendant was not guilty of attempted murder.    After reviewing the record and construing defendant's allegations in his favor, we hold that defendant presented an arguable basis for his claim of ineffective assistance of counsel based on the circuit court's consideration of an improper factor in aggravation.    Therefore, we hold that the circuit court erred when it summarily dismissed defendant's petition as frivolous and patently without merit.

¶ 3                                JURISDICTION

¶ 4    On December 20, 2013, the circuit court summarily dismissed defendant's postconviction petition.    Defendant timely filed his notice of appeal on January 8, 2014.    Accordingly, this court

---

[1] Due to our conclusion in this matter, we need not address defendant's remaining arguments from his petition or his brief before this court.    See *People v. Rivera*, 198 Ill. 2d 364, 370-71 (2002) (holding that a defendant's entire postconviction petition must be docketed for second-stage proceedings where at least one allegation is not frivolous or patently without merit).

has jurisdiction pursuant to Illinois Supreme Court Rule 651(a). Ill. S. Ct. R. 651(a) (eff. Feb. 6, 2013).

¶ 5                                    BACKGROUND

¶ 6    In 2009, defendant was indicted with multiple counts of attempted first degree murder, aggravated discharge of a firearm, and aggravated battery with a firearm. A jury convicted defendant of aggravated battery, and aggravated discharge of a firearm. Defendant was found not guilty of attempted murder.

¶ 7                          Defendant's Trial and Initial Appeal

¶ 8    A detailed account of defendant's trial and initial appeal is well stated in this court's 2012 unpublished order filed pursuant to Illinois Supreme Court Rule 23 (eff. July 1, 2011). *People v. Romero*, 2012 IL App (1st) 103363-U. Below we will discuss those details from defendant's trial and initial appeal as they pertain to his postconviction petition. On December 4, 2008, two Chicago police officers, Officers Ryan Delaney and Tom Olson, spotted defendant as he walked home from his girlfriend's house. The police decided to stop defendant to speak with him about a prior incident. The police followed defendant in an unmarked squad car. When they opened their door, defendant turned around and fired two shots from a gun. One of the shots fired struck Officer Olson near his clavicle. Defendant fled, but Officer Delaney shot defendant before apprehending and arresting him. According to defendant, he only fired the gunshots in an attempt to scare the officers so that he could escape. A jury convicted defendant of aggravated battery with a firearm and aggravated discharge of a firearm. The jury found defendant not guilty of attempted murder.

¶ 9    The State presented three witnesses at defendant's sentencing hearing: Chicago police officers Greg Sweeney, Michael Edens, and Tony Ramirez. Officers Sweeney and Edens

described two prior incidents, which resulted in adjudications of juvenile delinquency, where defendant was found to possess a weapon. Officer Sweeney testified that on August 9, 2006, he saw defendant "throwing up gang signs in the street" near the area of 2220 North Sawyer Avenue in Chicago, Illinois. When Officer Sweeney opened his car door, defendant pushed the door, which knocked Officer Sweeney down. Officer Sweeney's partner eventually apprehended defendant and recovered a weapon. Officer Edens testified that on February 12, 2007, he and his partner apprehended defendant and recovered a handgun in the area of 3503 West Cortland Avenue in Chicago, Illinois. Officer Ramirez described an incident that occurred at defendant's trial. Officer Ramirez testified he was present in the courtroom on July 1, 2010, when the jury left the courtroom to deliberate. Officer Ramirez observed defendant raising "his middle finger" at the police officers present in court that day. The State also presented two victim impact statements, one from Officer Brian Delaney and one from Officer Thomas Olson.

¶ 10    Defendant did not present any witnesses in mitigation. He apologized to Officer Olson, stating that it was not his "intention to shoot him." Defendant presented documents showing from September 27, 2004, until October 18, 2004, defendant had been treated for major depression disorder, alcohol abuse disorder, and attention deficit disorder. Defendant presented a discharge summary from a hospital showing that from January 3, 2006, to January 20, 2006, he was in the hospital for a diagnosis of bipolar disorder, alcohol abuse, attention deficit disorder, obesity, and an allergy. Defendant also submitted a document indicated he had earned his high school diploma. At the conclusion of the hearing, the State argued, in relevant part, that "it is clear that this defendant shot at these two police officers intentionally." The State asked that the court find the police officer's injuries to be severe bodily injuries and that defendant be subject to consecutive sentences.

¶ 11     In announcing defendant's sentence, the circuit court noted defendant's young age and his two prior delinquency adjudications which involved possession of a weapon.   The court found that "defendant's version of events was rejected by the jury.   It doesn't make any sense anyway that he was shooting up in the air or across the street or something and hit Officer Olson in the collar bone where the bullet apparently is still at and shot in the direction of the other officer." The circuit court later made the following statement:

> "The jurors found the defendant did not have the intent to kill
>
> Officer Olson, but nonetheless, the shot hit him right up in the
>
> collar bone not far away from the face or head and not far away
>
> from other places that could have caused a whole lot more damage.
>
> There was a lot of damage caused as it was, but it could have been
>
> a whole lot worse.   Fortunately for Olson the defendant was a
>
> little worse shot than he thought he would have been."

The circuit court found that defendant caused severe bodily injury which necessitated consecutive sentences.   Accordingly, the circuit court sentenced defendant to a total of 42 years' imprisonment: 30 years' imprisonment for aggravated battery with a firearm and 12 years' imprisonment for aggravated discharge of a firearm.   Defendant's motion to reconsider his sentence was denied.

¶ 12     On direct appeal, defendant raised three issues for review: (1) whether the circuit court erred in denying his request to instruct the jury for reckless discharge of a firearm as a lesser-included offense of aggravated discharge of a firearm; (2) whether the circuit court erred in admitting evidence regarding how he obtained the weapon used in the crimes; and (3) whether his sentence was excessive.   *People v. Romero*, 2012 IL App (1st) 103363-U, ¶ 1.   This court

rejected defendant's arguments, and affirmed his conviction and sentence. *Id.* ¶¶ 1, 21. Relevant here, this court held that defendant's sentence was not excessive. *Id.* ¶¶ 17-20. This court noted that defendant failed to raise any argument claiming that his sentence was at great variance with the spirit of the law or manifestly disproportionate to the nature of the offense. *Id.* ¶¶ 17-18. Rather, defendant argued that his sentence did not account for his rehabilitative potential and likened his sentence to a life sentence. *Id.* ¶ 20. In conclusion, this court also addressed the circuit court's consideration of the factors in aggravation and mitigation. *Id.* Specifically, this court stated:

> "Defendant also points out the numerous mitigating factors in his favor: he is a young man, he is a high school graduate, he was gainfully employed at the time of the offense, he came from a loving, stable family and at the time of the crimes he was still saddened by the loss of his father two years earlier. Defendant does not suggest that the trial court did not consider any of these factors, and in fact the record is quite clear that the trial court considered all of these factors. However, the trial court also noted that the defendant had two juvenile adjudications for weapons violations, and in fact was on probation for the second violation at the time of the instant offense. The court also noted that Officer Olson sustained a serious injury; namely being struck by a bullet. These are all appropriate factors to consider when determining a sentence." *Id.*

¶ 13    Accordingly, this court affirmed the judgment of the circuit court on June 6, 2012.   *Id.* ¶¶ 1, 21.    On March 27, 2013, our supreme court denied defendant's *pro se* petition for leave to appeal.

¶ 14    On September 25, 2013, defendant filed his verified postconviction petition raising three claims for relief.   Defendant first argued that his right to due process and a fair sentencing hearing were violated when the circuit court improperly considered a level of intent and conduct for which he was acquitted.   According to defendant, the circuit court clearly sentenced him with the more severe charge of attempted murder despite acknowledging that the jury had acquitted him of attempted murder.   Specifically, defendant relied on the following statements made by the circuit court at sentencing:

> "The jurors found the defendant did not have the intent to kill
> Officer Olson, but nonetheless, the shot hit him right up in the
> collar bone not far away from the face or head and not far away
> from other places that could have caused a whole lot more damage.
> There was a lot of damage caused as it was, but it could have been
> a whole lot worse.  *Fortunately for Olson the defendant was a
> little worse shot than he thought he would have been*." (Emphasis
> added.)

¶ 15    Defendant argued that if the court wanted to rely on acquitted or unconvicted conduct in rendering his sentence, the State had to offer reliable and sufficient proof in the form of witnesses who could be cross-examined.   The State, however, did not do so.   Accordingly, defendant argued that the circuit court relied on acquitted conduct in crafting his sentence.

Defendant argued that both his trial and appellate counsel were ineffective for failing to properly raise this issue in prior proceedings.

¶ 16 Defendant next argued that his trial counsel was ineffective for failing to effectively cross-examine the State's police officer eyewitnesses with the Chicago police department's use-of-force model. According to defendant, the police officers' actions that eventually led to his arrest were in direct contradiction of the procedures and training outlined in the use-of-force model. Defendant's final argument in his petition was that his trial counsel was ineffective for failing to raise a self-defense instruction. Defendant argued that his trial counsel effectively argued a self-defense theory but failed to request such an instruction.

¶ 17 Defendant attached the following documents to his petition: his own affidavit; a map of the area of the shooting; the transcript of the sentencing hearing; the Chicago police arrest report; photographs of defendant in the hospital; this court's order adjudicating his initial appeal; defendant's *pro se* petition for leave to appeal to the Illinois Supreme Court; the denial of his petition for leave to appeal; an "Independent Police Review Authority" statement; the Chicago police department supplementary report, dated March 5, 2009; a "Use of Force Model Graph"; General Order 03-02-02 from the Chicago police; and a compact disc recording of the Chicago police dispatch.[2]

¶ 18 Relevant here, defendant attested that when the police chased him on the day of his arrest, they told him they would shoot and kill him if he did not stop running. Defendant stated he was scared of being shot, so he "let off 2-3 shots to scare them off." Defendant attested that

---

[2] The compact disc recording was not included in the record before this court, but was listed as an exhibit in defendant's petition as "Exhibit M."

he "did not intend to hit" the police officers. Defendant claimed that he told the Independent Police Review Authority about the officers' threat to shoot and kill him.

¶ 19    On December 20, 2013, the circuit court summarily dismissed defendant's postconviction petition. The court characterized defendant's contention that the circuit court considered an inappropriate factor in determining his sentence to be an attempt to reformulate a claim that had already been fully adjudicated on direct appeal. Specifically, the circuit court noted that this court on direct appeal "determined that the record clearly showed the trial court considered all appropriate factors in determining [defendant's] sentence." Accordingly, the circuit court found that plaintiff's claim that the circuit court considered an inappropriate factor in sentencing to be barred by *res judicata*.

¶ 20    In addressing defendant's claim that his counsel was ineffective for failing to cross-examine the police officers regarding the use-of-force model, the court first found that defendant waived the issue because he could have raised it on direct appeal but did not. The court further found the claim to be meritless because the line of questioning proposed by defendant would have had no effect on the result of defendant's trial. The court pointed out that defendant admitted that he shot the gun at the police officers in an attempt to scare them so that he could escape. Accordingly, the court found that defense counsel was not ineffective because it would not have affected the shooting itself. The court also found defendant's third claim of error, *i.e.*, that his counsel was ineffective for failing to request a self-defense instruction, to be meritless because there was no evidence in the record showing any allegations of self-defense. In a footnote, the court stated:

> "Counsel alleges that [defendant's] trial counsel should have
> introduced a statement made by [defendant] to the Independent

Police Review Authority on 12/5/08. The statement arguably suggests self-defense. The statement by [defendant] could not be offered by the defense as it is clearly a self-serving hearsay statement. Significantly, both at trial and at sentencing, [defendant] testified he fired into the air to scare the officers and not because he was in fear as to claim self-defense."

Accordingly, the circuit court summarily dismissed defendant's petition as frivolous and patently without merit.

¶ 21    On January 8, 2014, defendant timely filed his notice of appeal.

¶ 22                                    ANALYSIS

¶ 23    Before this court, defendant argues that he made an arguably meritorious claim that his appellate counsel was ineffective for failing to argue that the circuit court improperly considered conduct for which he was acquitted in crafting a sentence. According to defendant, the transcript of the sentencing hearing shows that there is a reasonable probability that his case would have been remanded for resentencing had his appellate counsel raised the issue on direct appeal because it shows the circuit court relied on an improper aggravating factor and its own opinion of the crime despite his acquittal of attempted murder. Accordingly, defendant argues that the circuit court erred in finding his petition to be frivolous and patently without merit and asks that we reverse the summary dismissal of his petition and remand the matter for second-stage proceedings under the Post-Conviction Hearing Act.[3]

---

[3] Defendant also argues that his petition stated an arguably meritorious claim that his trial counsel was ineffective for failing to properly cross-examine key State witnesses and because trial counsel failed to request a self-defense instruction. Due to our conclusion in this matter, we need not address these arguments. See *Rivera*, 198 Ill. 2d at 370-71.

¶ 24    In response, the State argues that defendant's claim of ineffective assistance of counsel has no basis in law or fact and maintains that the record shows that the circuit court considered all relevant factors in aggravation and mitigation and imposed a sentence within the statutory range.    The State disagrees with defendant's contention that the circuit court relied on an improper sentencing factor, arguing that the circuit court's remarks were limited and does not support defendant's argument.    The State characterizes defendant's argument as an attempt to circumvent the doctrine of *res judicata*, arguing that this court already held that the circuit court considered all the proper factors in aggravation and mitigation.    Accordingly, the State asks that we affirm the summary dismissal of defendant's postconviction petition.

¶ 25    The Post-Conviction Hearing Act allows a criminal defendant to collaterally attack his or her conviction or sentence based on substantial constitutional violations that occurred at trial or sentencing.    *People v. Allen*, 2015 IL 113135, ¶ 20.    "The purpose of a postconviction proceeding is to permit inquiry into constitutional issues involved in the original conviction and sentence that were not, and could not have been, adjudicated previously on direct appeal." *People v. English*, 2013 IL 112890, ¶ 22.    Accordingly, *res judicata* bars issues raised and decided on direct appeal.    *Id.*    Similarly, issues not raised on direct appeal, even though they could have been raised, are deemed forfeited.    *Id.*    Where the forfeiture at issue is due to the ineffective assistance counsel, however, the doctrines of *res judicata* and forfeiture are relaxed. *Id.*

¶ 26    A petition filed pursuant to the Post-Conviction Hearing Act is subject to three stages of review.    *People v. Smith*, 2015 IL 116572, ¶ 9.    During the first stage of review, at issue here, the circuit court must determine whether the petition is "frivolous or patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2012). "The court makes an independent assessment as to

whether the allegations in the petition, liberally construed and taken as true, set forth a constitutional claim for relief." *People v. Hommerson*, 2014 IL 115638, ¶ 7. A petition will only be considered frivolous or patently without merit where it "has no arguable basis either in law or in fact." *People v. Tate*, 2012 IL 112214, ¶ 9. Indisputably meritless legal theories, such an allegation rebutted by the record, and fanciful, or delusional factual allegations, are examples of allegations that are frivolous or patently without merit. *People v. Hodges*, 234 Ill. 2d 1, 16 (2009). Our supreme court has described the circuit court's role during the first stage of review as acting "strictly in an administrative capacity by screening out those petitions which are without legal substance or are obviously without merit." *Rivera*, 198 Ill. 2d at 373.

¶ 27 If the circuit court finds that a petition is frivolous or patently without merit, it must summarily dismiss the petition with a written order containing its factual findings and legal conclusions. 725 ILCS 5/122-2.1(a)(2) (West 2012). A petition will proceed to second-stage proceedings if the petition is not dismissed. *Hommerson*, 2014 IL 115638, ¶ 7. The summary dismissal of a postconviction petition is a final order, which we review *de novo*. 725 ILCS 5/122-2.1(a)(2) (West 2012); *Hommerson*, 2014 IL 115638, ¶ 6. If a single claim in a multiple-claim postconviction petition survives the summary dismissal stage of proceedings under the Post-Conviction Hearing Act, then the entire petition must be docketed for second-stage proceedings regardless of the merits of the remaining claims in the petition. *Rivera*, 198 Ill. 2d at 371.

¶ 28 A criminal defendant's right to the effective assistance of counsel is a constitutional right, which we review pursuant to the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), as adopted by our supreme court in *People v. Albanese*, 104 Ill. 2d 504 (1984). *People v. Domagala*, 2013 IL 113688, ¶ 36. To demonstrate ineffective assistance of counsel, a

defendant must show that his counsel's performance was deficient and that he was prejudiced by the deficient performance of his counsel. *Id.* In the context of a claim of ineffective assistance of counsel under the first stage of the Post-Conviction Hearing Act, our supreme court has held that "a petition alleging ineffective assistance may not be summarily dismissed if (i) it is *arguable* that counsel's performance fell below an objective standard of reasonableness and (ii) it is *arguable* that the defendant was prejudiced." (Emphases added.) *People v. Hodges*, 234 Ill. 2d 1, 17 (2009); see also *Tate*, 2012 IL 112214, ¶ 22.

¶ 29 We initially must address the circuit court's finding in which it characterizes defendant's claim that the circuit court considered an improper aggravating factor in crafting his sentence as an attempt to reformulate a claim already decided on direct appeal. The State makes a similar argument in its brief before this court. After reviewing the record, we disagree with the circuit court and the State. In his initial appeal, defendant argued that his sentence was excessive based on his age and rehabilitative potential. He did not argue that the circuit court considered an improper factor in aggravation. In defendant's initial appeal, this court noted that the record showed that the circuit court considered all of the factors in mitigation that defendant relied on to argue that his sentence was excessive. Specifically, this court reasoned as follows:

> "Defendant also points out the numerous mitigating factors in his
> favor: he is a young man, he is a high school graduate, he was
> gainfully employed at the time of the offense, he came from a
> loving, stable family and at the time of the crimes he was still
> saddened by the loss of his father two years earlier. Defendant
> does not suggest that the trial court did not consider any of these
> factors, and in fact the record is quite clear that the trial court

considered all of these factors." *Romero*, 2012 IL App (1st)

103363-U, ¶ 20.

Accordingly, the above recitation of this court's order on direct appeal shows that in rejecting defendant's claim that his sentence was excessive, this court noted that the circuit court considered "all of these factors," *i.e.*, the factors in mitigation defendant relied upon to argue that his sentence was excessive. *Id.*

¶ 30    In regard to the factors in aggravation, however, the record shows that this court's order made the following statement regarding the factors in mitigation considered by the circuit court:

"However, the trial court also noted that the defendant had two juvenile adjudications for weapons violations, and in fact was on probation for the second violation at the time of the instant offense. The court also noted that Officer Olson sustained a serious injury; namely being struck by a bullet. *These are all appropriate factors to consider when determining a sentence.*" (Emphasis added.) *Id.*

As the above recitation of this court's order adjudicating defendant's initial appeal shows, this court did not hold that the circuit court considered only appropriate factors.   Rather, it shows that this court noted that the defendant's prior weapons adjudications and Officer Olsen's injuries were "all appropriate factors to consider when determining a sentence."   This court's statement indicates that the listed factors were appropriate.   It does not indicate that all of the factors the circuit court considered were appropriate.   Most importantly, this court made the above comments addressing defendant's argument that his sentence was excessive.   Accordingly,

defendant's contention that the circuit court considered an improper aggravating factor was not adjudicated on direct appeal. Therefore, defendant's claim is not barred by *res judicata*.

¶ 31 After liberally construing defendant's allegations, we also agree with defendant's contention that both his appellate and trial counsel were arguably ineffective for failing to argue that the circuit court considered an improper factor in crafting his sentence. Defendant points to the following statement made by the circuit court in announcing his sentence:

> "The jurors found the defendant did not have the intent to kill Officer Olson, but nonetheless, the shot hit him right up in the collar bone not far away from the face or head and not far away from other places that could have caused a whole lot more damage. There was a lot of damage caused as it was, but it could have been a whole lot worse. *Fortunately for Olson the defendant was a little worse shot than he thought he would have been*." (Emphasis added.)

¶ 32 The circuit court's statement that "defendant was a little worse shot than he thought he would have been" arguably supports defendant's argument that the circuit court improperly considered a level of intent and conduct for which defendant was acquitted, *i.e.*, attempted murder. The circuit court's comment demonstrates that it believed that, at the very least, defendant intended that the bullet would hit the officer, if not kill him. The jury's verdict negates that. It also arguably indicates that the circuit court relied on its own opinion of attempted murder, despite the acquittal. In sentencing a defendant, the circuit court may not rely on an improper factor or its own opinion of the crime. *People v. Reed*, 376 Ill. App. 3d 121, 128 (2007); *People v. Henry*, 254 Ill. App. 3d 899, 905 (1993). Reliance on improper

sentencing factors is amenable to plain error review because it affects a defendant's fundamental right to liberty. *People v. Kopczick*, 312 Ill. App. 3d 843, 852 (2000). Furthermore, the State did not offer any witnesses who could be cross-examined regarding the acquitted conduct. See *People v. La Pointe*, 88 Ill. 2d 482, 498-99 (1981). Rather, the State put forth evidence of two other prior incidents where defendant was found to possess a gun and an incident at trial where defendant made a vulgar gesture to the police officers present in the courtroom. Accordingly, defendant presented an arguable basis to support his argument that the circuit court considered an inappropriate factor in aggravation.

¶ 33 In the context of defendant's claim of ineffective assistance of appellate and trial counsel, both counsel performance arguably fell below an objective standard of reasonableness because the circuit court's reliance on defendant's acquitted conduct is readily available in the record. Neither counsel, however, raised the issue despite the opportunity to do so. Furthermore, appellate counsel could have raised the argument under the plain error doctrine because reliance on improper sentencing factor affects a defendant's fundamental right to liberty. *Kopczick*, 312 Ill. App. 3d at 852. Defendant was arguably prejudiced because reliance on such a factor in aggravation arguably increased his sentence. An argument can definitely be made that a sentencing court's consideration of a level of intent consistent with attempted murder, despite acquittal of such charges at trial, would lead to an increased sentence on a less violent conviction.

¶ 34 Accordingly, we hold the circuit court erred when it summarily dismissed defendant's petition because he presented an arguable claim of ineffective assistance of counsel based on both his trial and appellate counsel's failure to argue that the circuit court considered an improper aggravating factor in crafting his sentence. Defendant's petition, therefore, is not frivolous or

patently without merit and we reverse the judgment of the circuit court and remand the matter for second-stage proceedings.

¶ 35                                             CONCLUSION

¶ 36    The judgment of the circuit court of Cook County is reversed and the cause is remanded.

¶ 37    Reversed and remanded.

¶ 38    PRESIDING JUSTICE DELORT, dissenting.

¶ 39    This case revolves around 17 words that the trial judge said when he explained his sentencing determination, a statement that extends over 8 pages of transcript.   The judge said: "Fortunately for Olson the defendant was a little worse shot than he thought he would have been." Based on that fleeting and isolated comment, the majority finds that the trial judge relied on an improper factor in sentencing and that trial and appellate counsel's failure to argue to that effect creates an arguable claim of ineffective assistance of counsel.   I must respectfully disagree.

¶ 40    The evidence that the defendant shot somewhere in the direction of the officers was undisputed.   The only dispute was whether Romero did so with specific intent to kill the officers or merely to frighten them.   One of Romero's bullets hit an officer and severely injured him.   On direct appeal, this court summarized the defendant's own testimony thusly: "To the contrary, the defendant testified that he did not aim at anything specific, and simply turned around while still moving.   He stated that he was trying to simply scare the officers to force them to duck so he would have time to get away and that he was surprised that he actually hit anyone.   He denied aiming at either officer or pausing between firing the two shots."   *People v. Romero*, 2012 IL App (1st) 103363-U, ¶ 9.

¶ 41    The jury apparently believed Romero's explanation to the extent that it found there was reasonable doubt regarding his criminal intent to actually kill an officer, and so it acquitted him of

that most severe charge. A specific intent to kill is an element of attempted murder. An intent to inflict great bodily harm does not suffice. *People v. Jeter*, 247 Ill. App. 3d 120, 125 (1993); *People v. Wagner*, 189 Ill. App. 3d 1041, 1045 (1989).

¶ 42 Had the trial judge phrased his comment "thought he would have been" with words more clearly demonstrating that Romero had an intent to kill the officer, I might be inclined to agree with the majority. However, the judge's comment did not do so and is, in fact, consistent with the jury's verdict and the evidence. The jury did find the defendant guilty of aggravated discharge of a firearm against a peace officer and of aggravated battery with a firearm against a peace officer. Accordingly, the jury found, beyond a reasonable doubt, that the defendant discharged his "firearm in the direction of a *** peace officer *** while the officer *** is engaged in the execution of any of his or her official duties, *or to prevent the officer *** from performing his or her official duties*." (Emphasis added.) 720 ILCS 5/24-1.2(a)(3) (West 2008). The judge's comment refers to the proximity of the wound to the officer's face. It does not, either in isolation or in context, demonstrate that the judge found that the defendant intended to kill the officers, rather than to merely scare them away. Shooting a gun to scare an officer away necessarily involves shooting toward the officer's body with sufficient proximity that the officer would hear or see the shot, become frightened, and retreat. Retreating would prevent the officer from performing his official duties. Romero admitted to having that specific intent. In that light, the judge's comment is not inconsistent with the jury's verdict. Accordingly, I would find that, even taking the allegations in the postconviction petition as true and liberally construing them, that the petition did not demonstrate an arguable claim for ineffective assistance of counsel. I would affirm the judgment below.