2022 IL App (1st) 201106-U

FIFTH DIVISION
MARCH 25, 2022

No. 1-20-1106

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 01 CR 31263 |
| | ) | |
| WILLIAM LYLES, | ) | Honorable |
| | ) | Vincent M. Gaughan, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE CUNNINGHAM delivered the judgment of the court.
Presiding Justice Delort and Justice Connors concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court's judgment denying the defendant's motion for leave to file a successive postconviction petition is vacated and the case is remanded to the trial court for further proceedings.

¶ 2    The defendant-appellant, William Lyles, filed a *pro se* motion for leave to file a successive postconviction petition in the circuit court of Cook County, alleging, *inter alia*, that a *Brady* violation[1] occurred during his trial and that his 48-year sentence for first degree murder is

---

[1]The *Brady* rule requires the State to disclose evidence that is favorable to the defense and material to guilt. *People v. Brandon*, 2021 IL App (1st) 172411, ¶ 83.

unconstitutional. The circuit court denied the defendant's motion and the defendant now appeals. For the reasons that follow, we vacate the judgment of the circuit court of Cook County and remand the case for further postconviction proceedings.

¶ 3                                    BACKGROUND

¶ 4      In 2004, the defendant was convicted of first degree murder for the November 18, 2001, shooting death of Bobby Roberts. The defendant was sentenced to 48 years' imprisonment. He was 21 years old at the time of the offense. For a full recitation of facts leading up to the defendant's conviction and sentence, see *People v. Lyles*, No. 1-04-1662 (2006) (unpublished order under Supreme Court Rule 23). On direct appeal, this court affirmed his conviction and sentence. *Id.*

¶ 5      On February 8, 2007, the defendant filed a *pro se* postconviction petition, alleging, *inter alia*, that his arrest was unlawful and that he received ineffective assistance of trial and appellate counsel. His petition was dismissed by the trial court at the second stage of proceedings. On appeal, this court allowed the defendant's appellate counsel to withdraw and affirmed the dismissal. *People v. Lyles*, 2011 IL App (1st) 100470 (unpublished summary order under Supreme Court Rule 23(c)).

¶ 6      On December 23, 2019, the defendant filed a *pro se* petition entitled, "Verified Petitions," which is the subject of this appeal. The petition sought relief from judgment pursuant to both the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 (West 2018)) and section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2018)). In the petition, the defendant alleged, *inter alia*, that his 48-year sentence for first degree murder is unconstitutional as applied to him pursuant to both, the eighth amendment of the United States Constitution (U.S. Const., amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11), because he was 21 years old at the time of the offense. He cited recent case law

from this court and our supreme court regarding the sentencing of juveniles and young adult offenders, which is an evolving area of law.

¶ 7    The defendant's petition additionally argued that the police "fraudulently concealed" the "street file" in his case, which contained favorable evidence that was not presented at his jury trial. In support, the defendant attached a series of letters he received in 2015 and 2016 from attorney H. Candace Gorman. In her letters, attorney Gorman explained that while she was working on an unrelated case, she discovered a "hidden" police file related to the defendant's case (as well as files related to 200 other cases) in a police station basement. Attorney Gorman stated that, due to a trial court order, she could not send the file to the defendant or share the contents of the file with him. She explained that pursuant to the court order, she could only share the file with an attorney, and so she encouraged the defendant to either get in touch with his former counsel or to obtain new counsel. The defendant also attached to his petition, three news articles detailing hundreds of investigative files in homicide cases, also known as "street files," that had been stored in a police station basement for years and were never turned over to the defendants in question.

¶ 8    On September 10, 2020, the trial court entered a written order in response to the defendant's *pro se* petition filed on December 19, 2019. The order noted that the court was treating the defendant's pleading as a motion for leave to file a successive postconviction petition, because the defendant had previously filed a postconviction petition. The trial court also considered it to be a petition for relief from judgment under section 2-1401 of the Code. The court held, though, that a section 2-1401 petition "is not a proper vehicle to attack the alleged denial of constitutional rights."

¶ 9    The trial court ultimately denied the defendant's motion for leave to file a successive postconviction petition. In its written order, the trial court rejected the defendant's argument that his 48-year sentence is unconstitutional since the defendant was 21 years old at the time of his

offense and "not a juvenile." The trial court's order also rejected the defendant's argument that favorable evidence had been fraudulently concealed from him, stating: "Assuming, *arguendo,* that [the defendant's] files were concealed fraudulently, there was no prejudice. It is inconclusive as to what was in [the defendant's] files." Following the trial court's order denying him leave to file a successive postconviction petition, the defendant filed a notice of appeal.

¶ 10                                                                                        ANALYSIS

¶ 11    We note that we have jurisdiction to consider this matter, as the defendant filed a timely notice of appeal. Ill. S. Ct. Rs. 606, 651(a) (eff. July 1, 2017).

¶ 12    The defendant presents the following issue for our review: whether the trial court erred in denying his motion for leave to file a successive postconviction petition.[2] He argues that his petition pled a *prima facie* showing of a *Brady* violation as well as a showing that his 48-year sentence for first degree murder violates the proportionate penalties clause of the Illinois Constitution. The defendant asks us to vacate the trial court's judgment denying him leave to file his successive postconviction petition and remand this case for further postconviction proceedings.

¶ 13    The Act provides a procedural mechanism through which a criminal defendant can assert that his constitutional rights were substantially violated in his original trial or sentencing hearing. 725 ILCS 5/122-1 (West 2018); *People v. Allen*, 2019 IL App (1st) 162985, ¶ 29. The Act generally contemplates the filing of only one postconviction petition, and any claim not presented in the initial petition is subsequently forfeited. 725 ILCS 5/122-1(f) (West 2018); *Allen*, 2019 IL App (1st) 162985, ¶ 29. However, a court may grant a defendant leave to file a successive

---

[2]We note that while the defendant's *pro se* pleading was entitled "Verified Petitions" pursuant to both the Act and section 2-1401 of the Code, the substance of the pleading was a motion for leave to file a successive postconviction petition, and we will consider it as such. See *In re Haley D.*, 2011 IL 110886, ¶ 67 ("the character of the pleading should be determined from its content, not its label").

postconviction petition if he demonstrates cause for failing to raise the claim in his earlier petition and prejudice resulting from that failure. 725 ILCS 5/122-1(f) (West 2018); *Allen*, 2019 IL App (1st) 162985, ¶ 32. Under this cause-and-prejudice test, a defendant must establish *both* cause and prejudice. *Allen*, 2019 IL App (1st) 162985, ¶ 32. " 'Cause' is established when the defendant shows that 'some objective factor external to the defense impeded his ability to raise the claim' in his original postconviction proceeding." *Id.* (quoting *People v. Tenner*, 206 Ill. 2d 381, 393 (2002)). And " '[p]rejudice' is established when the defendant shows that the 'claimed constitutional error so infected his trial that the resulting conviction violated due process.' " *Id.* (quoting *Tenner*, 206 Ill. 2d at 393). If the defendant makes a *prima facie* showing of cause and prejudice, the court should grant the defendant leave to file his successive postconviction petition. *People v. Ames*, 2019 IL App (4th) 170569, ¶ 13. This court reviews the denial of a defendant's motion for leave to file a successive postconviction petition *de novo*. *Id.*, ¶ 11.

¶ 14    Here, the defendant's petition alleged that: (1) his 48-year sentence for first degree murder is an unconstitutional *de facto* life sentence because he was 21 years old at the time of the offense, and (2) a *Brady* violation occurred during his trial when the State withheld his street file[3].[4] Because the *Brady* violation matter is dispositive, we turn to it first.

¶ 15    Pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), (known as a *Brady* violation), the State is required to disclose exculpatory evidence to the defendant. *People v. Gonzalez*, 2016 IL App (1st) 141660, ¶ 68. To establish a *Brady* violation, a defendant must show that: (1) the undisclosed evidence is favorable to the defendant because it is either exculpatory or

---

[3]"Street file" is a common term for police memoranda in a case. *People v. Velez*, 123 Ill. App. 3d 210, 216 (1984).
    [4]The defendant's petition in the trial court alleged several other claims, but he only raises these two claims on appeal, so they are the only relevant claims.

impeaching; (2) the evidence was suppressed by the State either willfully or inadvertently; and (3) the defendant was prejudiced because the evidence is material to guilt or punishment. *Id.*

¶ 16    In this case, the State concedes that the defendant's petition established cause and prejudice as to his *Brady* violation claim and that his petition should be remanded to the trial court for further postconviction proceedings on that basis. We accept the State's concession and agree with the conclusion that the defendant's petition established cause and prejudice and should be remanded to the trial court. Indeed, the defendant attached letters from attorney Gorman, that he received in 2015 and 2016, years after he filed his initial postconviction petition in 2007, informing him of the hidden street file. This satisfied the cause prong of the cause-and-prejudice test since the defendant could not have raised this issue before attorney Gorman discovered his street file. See 725 ILCS 5/122-1(f) (West 2018) (a defendant "shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings").

¶ 17    Further, the street file was undoubtedly suppressed by the State, even if inadvertently. See *People v. Hobley*, 182 Ill. 2d 404, 438 (1998) (the law is well settled that the same *Brady* rules apply even where the suppressed evidence was known only to police investigators and not to the prosecutors). And although the contents of the street file are unknown at this point, so it is premature to say whether the evidence is favorable to the defendant, the defendant is entitled to move forward in the process so that counsel can review the evidence and make a determination of whether there is a *Brady* violation. As attorney Gorman explained in one of her letters, the defendant is currently unable to prove his *Brady* claim because of a trial court order preventing him from accessing the contents of the street file. It would be prejudicial to the defendant to assume the evidence is not favorable to him without giving him the opportunity to see it. See *Fields v. City of Chicago*, 981 F.3d 534, 561 (7th Cir. 2020) (the discovery restriction regarding evidence files

held in a police basement rendered it "virtually impossible" for the plaintiff to prove his claim). Under these facts and circumstances, the defendant established prejudice. See *People v. Ortiz*, 235 Ill. 2d 319, 329 (2009) (prejudice is shown where the claimed constitutional error so infected the entire trial that the resulting conviction or sentence violates due process).

¶ 18    We again note that the trial court's order concerning the hidden street files only allows disclosure of the file to counsel and not the defendant. Yet, by denying the defendant the right to file his postconviction petition, that likely ensured he would not be represented by counsel. Consequently, the trial court's order denying the defendant leave to file his successive postconviction petition precluded the defendant from discovering the contents of the hidden file discovered by attorney Gorman, which is unjust. We emphasize that in this case, the presence of the street file kept by the police regarding the defendant, without his knowledge and only to be disclosed to him by a third party, years after his conviction, is troubling.

¶ 19    Thus, we agree with the parties that the defendant's petition satisfied the cause-and-prejudice test as to his *Brady* violation claim, entitling him to file his successive postconviction petition. See *People v. Johnson*, 2019 IL App (1st) 153204, ¶ 32 (when the trial court grants a defendant leave to file a successive postconviction petition, the petition is effectively advanced to the second stage of postconviction proceedings); *People v. Ruhl*, 2021 IL App (2d) 200402, ¶ 63 (if the court grants the defendant leave to file a successive petition, and the petition advances to the second stage, the defendant must make a substantial showing of actual innocence to proceed to an evidentiary hearing).

¶ 20    The parties dispute whether the defendant's other claim in his petition (that his 48-year sentence is unconstitutional) has enough merit to also advance in the postconviction proceedings. However, it is irrelevant whether that claim is meritorious because we have already held that his

petition should advance to the second stage of postconviction proceedings based on his *Brady* violation claim. And if a single claim in a multiple-claim petition warrants further proceedings, then the *entire petition* advances, notwithstanding the State's argument regarding the merits of the other claims. *People v. White*, 2014 IL App (1st) 130007, ¶ 33 ("we have no need to address any of the other claims in the petition because partial summary dismissals are not permitted during the first stage of a postconviction proceeding"); see also *People v. Romero*, 2015 IL App (1st) 140205, ¶ 27. Accordingly, we need not engage in an analysis on the defendant's claim in his petition that his 48-year sentence for first degree murder is unconstitutional.

¶ 21    We therefore vacate the trial court's judgment denying the defendant's motion for leave to file a successive postconviction petition and remand the case for further postconviction proceedings consistent with this order. We also order the appointment of counsel to represent the defendant during the proceedings in the trial court.

¶ 22                                    CONCLUSION

¶ 23    For the foregoing reasons, we vacate the judgment of the circuit court of Cook County and remand the case to that court for further proceedings consistent with this order.

¶ 24    Vacated and remanded.