NO. 4-99-0978

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellee, ) Circuit Court of

v.      ) Champaign County

RALPH B. CAMPBELL. ) No. 99TR8498 

Defendant-Appellant. ) 

                      ) Honorable

) Jeffrey B. Ford,

) Judge Presiding.

_______________________________________________________________

JUSTICE KNECHT delivered the opinion of the court:

Defendant, Ralph Campbell, pleaded guilty to driving while license revoked (DWR) (625 ILCS 5/6-303 (West 2000)).  As part of his sentence of conditional discharge, the trial court required him to pay $2,263 in past-due periodic imprisonment fees from a 1994 conviction for driving under the influence.  625 ILCS 5/11-501(a) (West 2000).  Defendant appeals this condition of his sentence and argues the trial court abused its discretion in ordering him to pay fees from a previous conviction and sentence as part of his current sentence.  We affirm in part, vacate in part, and remand with directions.   

I. BACKGROUND

Defendant, Ralph Campbell, pleaded guilty to two counts of DWR.  625 ILCS 5/6-303 (West 2000).  He was sentenced to 24 months' conditional discharge and 240 hours of public service work and ordered to pay costs.  On the bottom of defendant's sentencing order is a handwritten addendum requiring him to pay $2,263 in periodic imprisonment fees he owed from a 1994 conviction for driving under the influence.  625 ILCS 5/11-501(a) (West 2000).  In the 1994 case, defendant was ordered to serve 300 days in the Champaign County correctional center subject to work release, pay court costs, and pay $10 per day for periodic imprisonment.  Defendant paid the court costs, but at the time of the current offense, he still owed $2,263 in periodic imprisonment fees.

On November 16, 1999, the trial court heard defendant's motion to reconsider sentence.  Defendant asked the court to reconsider its order requiring him to pay $2,263 in fees from his 1994 conviction.  He argued it was improper for the court to reimpose a five-year-old fee from a previous conviction, especially when the State never attempted to secure the payment.  Defendant also presented testimony and evidence of his current inability to pay the fees due to his financial situation and his poor health.  

The trial court denied defendant's motion.  In support of its ruling, the court stated it believed defendant had the assets to pay the fee and had not shown he was unable to work, and the court believed it was proper to reimpose the fee because the previous offense "was the exact same type of offense" as the current offense. 

Defendant appeals his sentence and presents two issues for review: (1) whether the trial court abused its discretion when it ordered defendant to pay work release fees from a prior sentence; and (2) whether it was unreasonable to require the defendant to pay the work release fee when his monthly liabilities exceeded his monthly income.

II. ANALYSIS

Defendant contends the trial court abused its discretion when it ordered him, as part of his sentence for the current offense, to pay work release fees he owed as part of his sentence from a previous conviction.  The State argues costs are a continuing obligation that the trial court in this case was authorized to reimpose.  We agree with defendant.

A trial court's sentencing decision is entitled to deference and weight and will not be overturned on appeal absent an abuse of discretion.  
People v. Streit
, 142 Ill. 2d 13, 18-19, 566 N.E.2d 1351, 1353 (1991).

Our review of the sentencing statutes revealed no authority for the trial court to 
reimpose
 fees from a previous offense as a condition of a sentence of conditional discharge for a later, unrelated offense.  Section 5-6-3 of the Unified Code of Corrections allows the trial court to order a defendant to satisfy many requirements, including the payment of a fine and costs, pursuant to a sentence of conditional discharge.  730 ILCS 5/5-6-3(b)(2) (West 2000).  However, the statute states the conditions imposed must be reasonable and 
relate
 
to
 
the
 
nature
 
of
 
the
 
offense
.  730 ILCS 5/5-6-3(b) (West 2000).  Our interpretation of the plain meaning of this paragraph is all conditions of a sentence of conditional discharge must be related to the specific offense for which the defendant is sentenced.  Other paragraphs of section 5-6-3 specifically limit a defendant's financial obligations to the "offense for which the defendant was sentenced."  See 730 ILCS 5/5-6-3(b)(12), (b)(13) (West 2000).  

The State argues the trial court's order was supported by both statutory and case law.  We disagree.  The case cited by the State, 
People v. Keagbine
, 77 Ill. App. 3d 1039, 1047, 396 N.E.2d 1341, 1346 (1979), is inapplicable to the current situation.  In 
Keagbine
, the appellate court held the failure of the trial court to assess costs against a defendant following his conviction and sentence did not preclude a subsequent correction of the error.  
Keagbine
, 77 Ill. App. 3d at 1047, 396 N.E.2d at 1346.  In the present case, no error occurred in the assessment of costs for the defendant's previous conviction and sentence.  Defendant was properly assessed periodic imprisonment fees, but he failed to pay them.  Further, the defendant in 
Keagbine
, unlike the defendant in the present case, was ordered on remand to pay costs and fees as part of the offense for which he was sentenced, not an offense for which he had been 
previously
 sentenced.  Therefore, 
Keagbine
 offers little guidance.   

The State further argues the rationale of the statute that allows the trial court to use a defendant's bail bond in one offense to satisfy financial obligations relating to fines, court costs, restitution, or fees of the defendant's attorney in a different case (see 725 ILCS 5/110-7(f) (West 2000)) supports its contention the trial court had authority to reimpose the fees from defendant's previous sentence.  We find this statute irrelevant to the issue before us.  The statute provides a specific means by which the trial court can hold defendants accountable for certain court-ordered financial obligations.  We agree with the State that court-ordered fees and costs are a continuing obligation.  However, we must determine whether the trial court had authority to 
reimpose
 the past-due fees from defendant's previous conviction and sentence.  The statute cited by the State, which provides the trial court with a means of collection for money owed by defendants, provides no guidance here.

We understand the trial court's frustration in a situation where the defendant failed to pay mandatory fees in a previous case, especially where the record indicates the defendant, at the time he was sentenced for the previous offense, had the resources to pay.  However, ordering the defendant to pay those fees four years later as part of a sentence in an unrelated matter is not the proper avenue to attempt to collect those past- due fees.  

Because we vacate that portion the trial court's sentencing order purporting to require defendant to pay $2,263 in past-due periodic imprisonment fees from a previous conviction and sentence, we need not address whether the order was unreasonable in light of defendant's current financial and physical condition.

III. CONCLUSION

We vacate that portion of defendant's sentencing order that requires him to pay $2,263 for past-due periodic imprisonment fees from a 1994 conviction and sentence; we otherwise affirm and remand with directions to issue an amended judgment of sentence.  

Affirmed in part and vacated in part; cause remanded with directions.

COOK and TURNER, JJ., concur.