# Illinois Official Reports

## Supreme Court

***People v. Goossens*, 2015 IL 118347**

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. RAYMOND GOOSSENS, Appellant. |
| Docket No. | 118347 |
| Filed | September 24, 2015 |
| Decision Under Review | Appeal from the Appellate Court for the Third District; heard in that court on appeal from the Circuit Court of Rock Island County, the Hon. F. Michael Meersman, Judge, presiding. |
| Judgment | Appellate court judgment affirmed. Circuit court judgment affirmed. |
| Counsel on Appeal | Michael J. Pelletier, State Appellate Defender, Thomas A. Lilien, Deputy Defender, and Rikin Shah, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Elgin, for appellant. Lisa Madigan, Attorney General, of Springfield (Carolyn E. Shapiro, Solicitor General, and Michael M. Glick and Joshua M. Schneider, Assistant Attorneys General, of Chicago, of counsel), for the People. |

Justices           JUSTICE KARMEIER delivered the judgment of the court, with opinion.

Chief Justice Garman and Justices Freeman, Thomas, Kilbride, Burke, and Theis concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Raymond Goossens, a police sergeant, was convicted of intimidation, a Class 3 felony (720 ILCS 5/12-6(a)(6) (West 2010)), after he threatened not to respond to 911 calls from a local auto racetrack as long as two former police officers were employed at the facility. Following a finding of guilty by a jury, defendant was sentenced to a term of two years' probation. The amended order of probation contained numerous conditions, one of which required that defendant "shall become current in his child support in case number 2002 D 528." Defendant appealed, arguing the trial court of Rock Island County lacked the authority under section 5-6-3(b) of the Unified Code of Corrections (Code) to include the payment of child support as a condition of probation. 730 ILCS 5/5-6-3(b) (West 2010). The appellate court affirmed. 2014 IL App (3d) 120680. We allowed defendant's petition for leave to appeal (Ill. S. Ct. R. 315 (eff. July 1, 2013); R. 612 (eff. Feb. 6, 2013)) and now affirm the judgment of the appellate court.

¶ 2                    PRINCIPAL STATUTE INVOLVED

¶ 3    Section 5-6-3 of the Code includes a list of several mandatory conditions of probation (730 ILCS 5/5-6-3(a) (West 2010)) as well as other conditions that a court may impose at its discretion (730 ILCS 5/5-6-3(b) (West 2010)). Specifically at issue in this case is subsection 5-6-3(b)(6), which provides:

> "(b) The Court may in addition to other reasonable conditions relating to the nature of the offense or the rehabilitation of the defendant as determined for each defendant in the proper discretion of the Court require that the person:
>
> * * *
>
> (6) support his dependents[.]" 730 ILCS 5/5-6-3(b)(6) (West 2010).

¶ 4                              BACKGROUND

¶ 5    At defendant's sentencing hearing on July 16, 2012, the trial court imposed, *inter alia*, a condition requiring defendant to "become current in his child support in case number 2002 D 528" and "defendant shall not be released from his probation until his child support is current."[1] The trial court imposed the child support condition based on a presentencing investigation report indicating that defendant owed over three and a half years in back child support payments, totaling $11,779.89.

---

[1]For purposes of simplicity, hereafter, the condition of probation at issue will be summarized as "the child support condition."

¶ 6     On appeal, defendant argued that the trial court was not authorized under section 5-6-3(b) to impose the child support condition because child support payments do not reasonably relate to the offense of intimidation. The Appellate Court, Third District, rejected defendant's argument, finding that section 5-6-3(b) expressly permits a trial court to impose any of the enumerated probation conditions, regardless of whether the condition relates to the charged offense. 2014 IL App (3d) 120680, ¶ 9. The appellate court determined that because the child support condition falls under the scope of section 5-6-3(b)(6), "support his dependents," imposition of the condition was authorized by statute. *Id*. The Third District noted, however, its interpretation conflicts with an earlier Appellate Court, Fourth District, decision in *People v. Campbell*, which interpreted section 5-6-3(b) to mean, "all conditions of a sentence or conditional discharge must be related to the specific offense for which the defendant is sentenced." *Id*. (citing *People v. Campbell*, 325 Ill. App. 3d 569 (4th Dist. 2001)). We granted defendant's petition for leave to appeal.

¶ 7                                        ANALYSIS

¶ 8     The issue before this court is whether the trial court had the authority to impose a condition of probation requiring defendant to pay child support for a conviction of intimidation. Defendant maintains that the trial court acted beyond the scope of its sentencing authority under section 5-6-3(b) of the Code (730 ILCS 5/5-6-3(b) (West 2010)) by imposing the probation condition that "defendant shall become current in his child support in case number 2002 D 528." Defendant argues a trial court is only authorized to impose a condition of probation enumerated under section 5-6-3(b) if it relates to the nature of defendant's conviction. Thus, defendant suggests that if this court conducted a linguistic examination of section 5-6-3(b), the plain language of the Code would reveal that the legislature created a restrictive clause intending to require that *all* conditions, including the enumerated conditions, must relate to the nature of the offense. The State argues the plain language of the Code authorizes a trial court to impose any of the enumerated conditions under section 5-6-3(b), regardless of whether the condition relates to the nature of defendant's conviction. Accordingly, the State concludes that subsection 5-6-3(b)(6) provides express statutory authority to impose the payment of child support as a condition of probation. We agree with the State.

¶ 9     The cardinal rule of statutory construction is to give effect to the intent of the legislature, presuming the legislature did not intend to create absurd, inconvenient, or unjust consequences. *People v. Gaytan*, 2015 IL 116223, ¶ 23. The best indicator of such intent is the language of the statute, which is to be given its plain and ordinary meaning. *People v. McChriston*, 2014 IL 115310, ¶ 15. In determining the plain and ordinary meaning of the statute, we consider the statute in its entirety, the subject it addresses, and the apparent intent of the legislature in enacting it. *People v. King*, 241 Ill. 2d 374, 378 (2011). We may also consider the resulting consequences from construing the statute one way or the other. *People v. Marshall*, 242 Ill. 2d 285, 293 (2011). The construction of a statute is a question of law that is reviewed *de novo*. *People v. Simpson*, 2015 IL 116512, ¶ 29.

¶ 10    This court has repeatedly interpreted section 5-6-3(b) of the Code (730 ILCS 5/5-6-3(b) (West 2010)) to mean a court may in its discretion require a probationer to comply with any of

the enumerated conditions, including "support his dependents"[2] (730 ILCS 5/5-6-3(b)(6) (West 2010)). See *People v. Lampitok*, 207 Ill. 2d 231, 246 (2003) ("[S]ubsection (b) provides numerous examples of conditions that the court in its discretion may require ***."); *People v. Meyer*, 176 Ill. 2d 372, 378 (1997) ("Section 5-6-3(b) of the Code contains 16 permitted conditions of probation which may be imposed ***."). Defendant argues, however, that there is an inherent relatedness requirement in the Code that attaches to all enumerated conditions. Thus, a trial court would abuse its discretion by imposing an unrelated enumerated condition. We disagree.

¶ 11   If we were to accept defendant's argument that the legislature intended that all conditions of probation, including those expressly enumerated, must relate to the nature of the offense, when could a court impose electronic monitoring or home confinement (730 ILCS 5/5-6-3(b)(10) (West 2010)) as a condition of probation? Neither condition relates to the nature of any offense, but rather they are conditions imposed for enforcement and the protection of the public.

¶ 12   It is well settled that when the legislature uses certain language in one instance of a statute and different language in another part, we assume different meanings were intended. *People v. Santiago*, 236 Ill. 2d 417, 431 (2010). Under the plain language of the Code, the legislature specifically chose to limit the application of some enumerated conditions by requiring the condition relate to the offense charged. See, *e.g.*, 730 ILCS 5/5-6-3(b)(12) (West 2010) (limiting the defendant's financial obligations to the "offense for which the defendant was sentenced"); 730 ILCS 5/5-6-3(b)(17) (West 2010) (limiting the condition to defendants convicted for an offense "that would qualify the accused as a child sex offender"). By contrast, in the same statute, the legislature specifically chose to exclude a relatedness requirement for other enumerated conditions. See, *e.g.*, 730 ILCS 5/5-6-3(b)(3) (West 2010) (requiring a trial court to require defendant to "work or pursue a course of study or vocational training"); 730 ILCS 5/5-6-3(b)(6) (West 2010) (requiring defendant to "support his dependents"); 730 ILCS 5/5-6-3(b)(9) (West 2010) (requiring defendant to "perform some reasonable public or community service"). Thus, we assume that the legislature intended such limitations to certain conditions when it expressly provided that limitation, while at the same time, the legislature did not intend such limitations when the language is absent from other conditions. Additionally, if the legislature had intended that all conditions of probation must relate to the nature of the offense, then constructing the extensive list of conditions was superfluous, because there would be no need to include such additional, limiting language in certain parts of the statute. Instead, these provisions clearly demonstrate that the legislature knew exactly what it was doing when it specifically authorized a trial court to impose certain enumerated conditions, including electronic monitoring or home confinement (730 ILCS 5/5-6-3(b)(10) (West 2010)) and supporting one's dependent (730 ILCS 5/5-6-3(b)(6) (West 2010)), regardless of whether the condition relates to the nature of offense.

---

[2]Section 5-6-3(b)(6) of the Code, "support his dependents," is synonymous with the obligation to make child support payments. See Black's Law Dictionary 503 (9th ed. 2009) (defining a "dependent" as someone "who relies on another for support"). In this case, defendant was the noncustodial parent of his child. It was reasonable for the trial court to set the amount of support at the amount already adjudicated in case No. 2002 D 528. The amount defendant was ordered to pay under the child support condition is not dispositive on the issue before this court.

¶ 13    Furthermore, defendant's attempted construction contradicts our previous interpretation of the plain language of the Code, which says, "[t]he Court may *** require that the person *** support his dependents." 730 ILCS 5/5-6-3(b)(6) (West 2010). The enumerated conditions that may be imposed under section 5-6-3(b) represent the legislature's considered judgment that those conditions may be imposed at the court's discretion for any offense. See *Lampitok*, 207 Ill. 2d at 246; *Meyer*, 176 Ill. 2d at 378. This court, and multiple appellate court decisions, have consistently held that any additional condition not expressly authorized by statute "may be imposed as long as it is (1) reasonable and (2) relates to (a) the nature of the offense or (b) the rehabilitation of the defendant as determined by the trial court." *Meyer*, 176 Ill. 2d at 378 (citing *People v. Ferrell*, 277 Ill. App. 3d 74, 79 (1995), *People v. Hubble*, 81 Ill. App. 3d 560 (1980), and *People v. Dunn*, 43 Ill. App. 3d 94 (1976)); see also *Lampitok*, 207 Ill. 2d at 246. Defendant's relatedness argument becomes a factor when the court fashions its own discretionary conditions that are not enumerated under the Code. However, that is not the situation in this case. Accordingly, the plain language of section 5-6-3(b) at the time of defendant's sentencing was unambiguous and provided the trial court with the authority pursuant to section 5-6-3(b)(6) of the Code (730 ILCS 5/5-6-3(b)(6) (West 2010)) to impose the child support condition.

¶ 14    We are aware our holding conflicts with *People v. Campbell*, 325 Ill. App. 3d 569 (2001). See 2014 IL App (3d) 120680, ¶ 9. The issue presented in *Campbell* was whether the trial court had the authority under section 5-6-3(b) to reimpose unpaid fees from a previous offense as a condition of a sentence of conditional discharge for a later, unrelated offense. *Campbell*, 325 Ill. App. 3d at 570. In determining whether the trial court was authorized under the Code to reimpose unpaid fees from a previous offense, the *Campbell* court interpreted section 5-6-3(b) to mean, "*all* conditions of a sentence of conditional discharge must be related to the specific offense for which the defendant is sentenced." (Emphasis added.) *Id.* at 571. The appellate court also noted the Code revealed no express authority for the trial court to reimpose fees from a previous offense. Therefore, the *Campbell* court concluded the trial court lacked the authority to impose the condition because the condition was not authorized by statute and did not relate to the underlying offense. *Id.* at 571-72.

¶ 15    *Campbell*'s interpretation of section 5-6-3(b) is inconsistent with our earlier decision in *Meyer*, 176 Ill. 2d 372, which the appellate court failed to acknowledge or follow. In *Meyer*, this court addressed whether the trial court had the authority to impose an unenumerated condition of probation requiring the defendant to erect a violent felon warning sign reading " 'Warning! A Violent Felon lives here. Enter at your own Risk!' " *Id.* at 376. We interpreted section 5-6-3(b)[3] as allowing a trial court to impose an additional, unenumerated condition of probation "as long as it is (1) reasonable and (2) relates to (a) the nature of the offense or (b) the rehabilitation of the defendant as determined by the trial court." *Id.* at 378. This court held that the condition of probation requiring the defendant to erect the violent felon warning sign was unreasonable and did not serve the purposes of section 5-6-3(b). *Id.* at 379-80.

¶ 16    Just as in *Meyer*, the condition at issue in *Campbell* was not expressly authorized by statute. Thus, the court in *Campbell* should have considered whether the condition was reasonable and related to the nature of the offense or the rehabilitation of the defendant as

---

[3]Although section 5-6-3(b) has been amended since *Meyer*, the language of the paragraph has remained unchanged. See 730 ILCS 5/5-6-3(b) (West 1994).

- 5 -

determined by the trial court. Accordingly, we reject *Campbell*'s interpretation that all conditions of probation, including those expressly enumerated, must relate to the nature of the offense. To the extent that *Campbell* and its progeny contradict our holding, these cases are overruled.

¶ 17  Finally, for the first time during oral argument, defendant claimed the trial court impermissibly created an indeterminate period of probation by requiring him to "become current in his child support" prior to his release from probation. Because defendant did not raise this issue in his petition for leave to appeal, the issue was not properly preserved for our review. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 22.

¶ 18                                   CONCLUSION

¶ 19  For the above stated reasons, we conclude that the trial court had the statutory authority to order child support payments as a condition of probation. The judgments of the circuit and appellate courts are therefore affirmed.

¶ 20        Appellate court judgment affirmed.

¶ 21        Circuit court judgment affirmed.