**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210103-U

Order filed May 11, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Tazewell County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-21-0103 Circuit No. 19-CF-384 |
| CHASE S. EDWARDS, | ) ) | Honorable Katherine S. Gorman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court.
Justices Daugherity and Lytton concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*: The circuit court erred in sentencing defendant to 48 months of probation. The conditions of defendant's probation are reasonable and related to the offense or his rehabilitation.

¶ 2     Defendant, Chase S. Edwards, appeals his sentence. Defendant argues that the Tazewell County circuit court erred in sentencing him to 48 months of probation when the maximum term provided for by statute is 30 months. He further argues that some conditions of his probation are unreasonable and not related to the offense or his rehabilitation. We affirm as modified.

¶ 3                                    I. BACKGROUND

¶ 4          The State charged defendant with two counts of domestic battery (subsequent offense) (720

ILCS 5/12-3.2(a)(1), (a)(2) (West 2018)), and one count each of unlawful interference with the

reporting of domestic violence (*id.* § 12-3.5(a)) and criminal damage to property (*id.* § 21-1(a)(1)).

A jury found defendant guilty of one count of domestic battery (subsequent offense), a Class 4

felony, and not guilty of the remaining counts.

¶ 5          At the sentencing hearing, the parties agreed that defendant was probation eligible for up

to 48 months and that he could be jailed for up to 180 days.

¶ 6          In arguing for a term of imprisonment, the State noted that defendant's conduct caused

bodily harm to the victim and defendant's criminal history, including a 2008 conviction on

multiple counts of aggravated battery and a 2001 misdemeanor domestic battery. The State also

argued that the presentence investigation report (PSI) indicated that defendant failed to appear in

court multiple times in prior cases and that his probation or court supervision had been revoked or

terminated unsuccessfully at least five times. It further commented that according to the PSI,

defendant was not forthcoming in his interview, and he would not be a good candidate for

supervision.

¶ 7          The PSI indicated that defendant refused to sign a release of information form for purposes

related to the presentence investigation. Additionally, it noted a specific instance of defendant

being untruthful wherein defendant stated that he had not consumed alcohol for nearly six months,

but the chief probation officer had reported seeing defendant drinking alcohol only a few months

prior. Defendant admitted to drinking when confronted. The PSI further stated that the probation

officer did not feel defendant was forthcoming with information in response to "questions,

especially in response to his family and criminal histories, which would limit both probation and

treatment providers in their ability to make proper assessments in order to better help the needs of the client, if placed on probation." Further, the probation officer believed that defendant's refusal to sign the release requested of him "puts into question his desire to comply." The officer specifically recommended that the court not consider defendant for probation but that if it did, he recommended at a minimum that the court impose "High Risk probation with all conditions to apply, along with these special conditions: Domestic Violence treatment and an Integrated assessment for both mental health and substance abuse treatment be ordered."

¶ 8        Defense counsel argued for probation. He asserted that defendant was acquitted of three of the four charges in this case. Also, he argued that defendant acted under a strong provocation as the victim testified that she slapped defendant first. Counsel asked, "the Court to place [defendant] on probation under any form the Court believes is appropriate with any terms and conditions the Court believes is appropriate." Defendant gave a statement in allocation.

¶ 9        The court noted that it considered the evidence, the PSI, the arguments, defendant's statement, the factors in mitigation and aggravation, and the history and character of defendant. The court found in aggravation that defendant took "no accountability at all for putting [his] hands on someone." The court stated that defendant acted like the victim and that there was always someone else to blame. It noted that it could not remember anyone ever refusing to sign a release presented by the probation department. The court sentenced defendant to "48 months high risk probation with domestic violence and whatever probation suggests." It also sentenced him to 180 days in jail.

¶ 10       All the conditions included on the certificate of conditions of high risk probation applied to defendant. The special conditions included therein, set forth, among other things, that defendant: (1) "shall work only at employment that has been pre-approved by Probation"; (2) "will not change

3

[his] approved place of residence, move outside the jurisdiction of the Court (Tazewell County) without prior approval from the Probation Department and/or the Court"; and (3) "shall make overnight visits only at places pre-approved by Probation." The conditions also provided that defendant have no contact with the victim.

¶ 11 Defendant filed a motion to reconsider sentence arguing "both the High Risk Probation and term of incarceration are excessive" and the court did not properly consider the factors in aggravation and mitigation. The court denied the motion. Defendant appeals.

¶ 12 II. ANALYSIS

¶ 13 A. Length of Probation

¶ 14 Defendant argues that his 48-month probation term exceeded the maximum allowed by statute for his conviction, which he asserts is 30 months. He acknowledges he forfeited this issue but argues it is reversible under the second prong of the plain error doctrine. See *People v. Fort*, 2017 IL 118966, ¶ 19 (" 'The imposition of an unauthorized sentence affects substantial rights' and, thus, may be considered by a reviewing court even if not properly preserved in the trial court.") (quoting *People v. Hicks*, 181 Ill. 2d 541, 545 (1998)). The State concedes error. Both parties request that this court modify the sentence to reduce the term of probation to 30 months.

¶ 15 As charged, defendant's domestic battery conviction is a Class 4 felony. See 720 ILCS 5/12-3.2(b) (West 2018). The statutory maximum probation term for a Class 4 felony is 30 months. See 730 ILCS 5/5-4.5-45(d) (West 2018). Accordingly, we accept the State's concession, and per the parties' request, we reduce defendant's probation term to 30 months. See Ill. S. Ct. R. 615(b)(4).

¶ 16 B. Probation Conditions

¶ 17    Defendant argues that three of his probation conditions are unreasonable and unrelated to his offense or rehabilitation. The three conditions are that he obtain preapproval for where he works, where he resides, and any place he stays overnight. Defendant acknowledges that he forfeited this issue but requests review under the second prong of the plain error doctrine.

¶ 18    Defendant failed to raise an objection to his probation conditions in the circuit court and thus, forfeited this issue. *People v. Hammons*, 2018 IL App (4th) 160385, ¶ 14 ("Raising no objection in the trial court to court-created conditions of probation results in a forfeiture of the issue on appeal, under supreme court precedent."). Under the plain error doctrine, a clear or obvious error may excuse the procedural default. *Id.* ¶ 17. However,

> "under the plain error doctrine, the existence of an error is not enough to avert a forfeiture, even if the error is genuinely an error. Not even reversible error is enough. *** The plain error doctrine is not a backdrop to catch merely arguable issues that could have been raised in the trial court. The error had to be manifest or patent." *Id.*

Under the second prong of the plain error doctrine, if a clear or obvious error occurred, the court must then determine if the " 'error is so serious that its consideration is necessary to preserve the integrity and reputation of the judicial process.' " *Id.* ¶ 42 (quoting *People v. Hampton*, 149 Ill. 2d 71, 102 (1992)). The concern is whether defendant has suffered a serious injustice. *Id.*

¶ 19    "Generally, the trial court is afforded wide discretion in fashioning the conditions of probation for a particular defendant." *People v. Meyer*, 176 Ill. 2d 372, 378 (1997). The circuit court is allowed to impose conditions of probation that are not specifically enumerated in section 5-6-3(b) of the Unified Code of Corrections "as long as it is (1) reasonable and (2) relates to (a) the nature of the offense or (b) the rehabilitation of the defendant as determined by the trial court."

(Internal quotation marks omitted.) *People v. Goossens*, 2015 IL 118347, ¶ 15 (quoting *Meyer*, 176 Ill. 2d at 378).

¶ 20    Here, while the conditions defendant complains of may seem onerous, they are neither unreasonable nor unrelated to his rehabilitation and/or the offense given his lack of cooperation and prior history of having his probation or supervision revoked or terminated unsuccessfully. Because of defendant's dismal record of compliance, the probation officer's concern with defendant's desire to comply with probation conditions, and defendant's conduct in being less than forthcoming with the probation officer during the presentence investigation, preapproval as to the environment in which defendant would spend significant time (work, residence, overnight visits), is a warranted limitation. See *Hammons*, 2018 IL App (4th) 160385, ¶ 28 (" '[T]he environment in which a probationer serves probation is an important factor on the likelihood that probation will be successfully completed.' " (quoting *People v. Robinson*, 245 Cal. Rptr. 50, 51 (1988)). Additionally, due to defendant's history of noncompliance, these conditions serve as another measure to ensure that defendant complies with another condition of his probation, that he have no contact with the victim. Although defendant complains that the condition he obtain preapproval for overnight stays could effectively strand him in an emergency situation, the condition does not require preapproval every time he wishes to stay overnight, rather it requires preapproval of each place he wishes to stay overnight. As such, nothing prevents defendant from providing the probation department or his probation officer a list of all potential places he would stay overnight for approval at the outset such that he would know which places he would be able to stay overnight should a need or want arise. Based on the foregoing, we cannot say that defendant has shown the court committed a clear or obvious error in imposing the conditions.

¶ 21 Even if we assume the court committed a clear or obvious error in imposing the conditions, it does not necessarily follow "that they inflict a serious injustice upon him and throw the judicial system into disrepute." *Id.* ¶ 42. This is especially so considering defendant has the right to request a modification of his conditions. See 730 ILCS 5/5-6-4(f) (West 2018). Therefore, even if defendant could establish the imposition of the conditions amounted to a clear and obvious error, it is not reversible under the second prong of the plain error doctrine.

¶ 22                                    III. CONCLUSION

¶ 23 The judgment of the circuit court of Tazewell County is affirmed as modified.

¶ 24 Affirmed as modified.