NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250685-U

NO. 4-25-0685

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 19, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | McLean County |
| CRAIG RYAN WISSMILLER, | ) | No. 20CF309 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | J. Jason Chambers, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Vancil and Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court affirmed, concluding defense counsel did not render ineffective assistance.

¶ 2     In January 2022, defendant, Craig Ryan Wissmiller, entered an open guilty plea to one count of unlawful possession of methamphetamine (720 ILCS 646/60(a) (West 2020)), and the trial court sentenced him to 30 months' probation. In July 2024, the State filed a petition to revoke his probation. The court found defendant violated his probation by failing to (1) report to the probation department and (2) complete a substance abuse evaluation. The court resentenced defendant to eight years' imprisonment. On appeal, defendant argues defense counsel provided ineffective assistance at his resentencing hearing. We affirm.

¶ 3                             I. BACKGROUND

¶ 4     On April 10, 2020, defendant was charged with two counts of unlawful possession

of methamphetamine with intent to deliver (counts I and III) (720 ILCS 646/55(a)(1) (West 2020)), and two counts of possession of methamphetamine (counts II and IV) (720 ILCS 646/60(a) (West 2020)). The charges stemmed from a traffic stop, during which defendant was found to be in possession of more than 5 but less than 15 grams of methamphetamine.

¶ 5    In January 2022, defendant pleaded guilty to count II. In exchange, the State agreed to the dismissal of counts I, III, and IV. The trial court sentenced defendant to 30 months' probation, with a $500 fine.

¶ 6    In July 2024, the State filed a petition to revoke defendant's probation, alleging he failed to report to the probation department as directed six times between January and May 2024. The petition further alleged defendant failed to complete "a substance use evaluation as directed and has not made any other efforts to begin any treatment services."

¶ 7    On March 3, 2025, the trial court commenced a probation revocation hearing. Defendant did not appear. Defendant's counsel, Brian McEldowney, moved to continue the hearing. However, the court denied McEldowney's motion and the hearing proceeded. The court took judicial notice of defendant's May 5, 2022, probation order. Zachary Hansen, defendant's probation officer, testified defendant had been ordered to participate in a substance abuse evaluation and complete any recommended treatment. Hansen indicated that, at the time of the hearing, defendant had not provided him with a substance abuse evaluation. According to Hansen, defendant also failed to report to the probation department as directed.

¶ 8    Following closing arguments, the trial court found the State had proven both counts of its petition to revoke defendant's probation. Shortly after the hearing concluded, defendant arrived at the courthouse. McEldowney then moved to vacate the court's order on the petition to revoke probation and the order for warrant based on defendant's failure to appear. The court denied

McEldowney's motion to vacate the order on the petition to revoke probation. However, the court did vacate the order for warrant.

¶ 9        On May 5, 2025, the trial court held a resentencing hearing. At the outset of the hearing, the court indicated defendant's previous public defender, McEldowney, had suddenly retired and Matthew Butler was assigned to the case by the public defender's office. Butler indicated he "tried to reach out to [defendant] with the last two known phone numbers [the public defender's office] had. Neither one of those numbers were in service, so I was not able to have any contact with [defendant] until *** about ten minutes ago." Butler indicated the public defender's office sent a copy of defendant's presentence investigation report (PSI) to defendant's last known address. Butler stated defendant "informed me that even though today we're meeting for the first time he does wish to proceed today with the sentencing hearing."

¶ 10       The PSI was admitted without objection, and the State did not provide any additional evidence in aggravation. At Butler's request, the trial court admitted defendant's substance abuse evaluation into evidence. Butler then proffered defendant had "not picked up any new offenses since the inception of this particular case." Butler noted one of the allegations in the State's petition to revoke probation was that defendant failed to obtain a substance abuse evaluation. Butler observed that, by the date of the hearing, defendant had in fact obtained an evaluation. As such, Butler argued, "[E]ven though [defendant was] a little late on getting that done he [was] technically in compliance with that requirement."

¶ 11       The trial court then asked the parties for sentencing recommendations. The State requested a 10-year prison sentence given defendant's extensive criminal history and his demonstrated inability to comply with probation. Butler reiterated defendant had not acquired any new criminal cases as of the date of the resentencing hearing and again noted defendant had

completed a substance abuse evaluation. Further, Butler observed defendant's evaluation recommended "community support groups with respect to substance usage." Regarding defendant's compliance with a future probation-based sentence, Butler argued:

> "Also with the ongoing failures to report as I mentioned earlier—it's also contained in the PSI—that when [defendant] did have communication with the probation office there was kind of an ongoing theme throughout his probation. He was having some difficulty struggling with finances, with his employment. He had some ongoing issues with an ex significant other.
>
> It's my hope at this time that those issues have worked themselves out and are no longer existing and would no longer be a hindrance to him being successful with his obligations and with probation.
>
> * * *
>
> We acknowledge there has been some ongoing noncompliance, but as I mentioned, Your Honor, I think that those issues have worked themselves out and [defendant] at this time is willing and able and capable of being fully compliant if this Court were to deem it appropriate to sentence him to an ongoing term of probation, so that is what we are recommending at this time."

¶ 12    During his statement in allocution, defendant acknowledged he had "some noncompliance," did not report to probation, and did not complete a substance abuse evaluation "in a timely fashion." However, he indicated he had "a job waiting for [him]" as soon as he was "free and clear of all this mess" and was "just asking for the chance."

¶ 13    Thereafter, the trial court resentenced defendant to eight years' imprisonment. The court began by stating:

"I understand the evidence and the positions of the parties. I'm considering the factual basis that was previously given with *** the original charges; the hearing evidence; the [PSI]; history, character, and attitude of [defendant]; the evidence and arguments; and the statement in allocution. I'm considering all of the relevant statutory factors in aggravation, and I'm considering all the relevant statutory and non-statutory factors in mitigation."

The court noted there was "substantial noncompliance to the point we're here on a sentencing on a petition to revoke, and what [the court is] hearing is a lot of blame being thrown on other people." Butler subsequently filed a motion to reconsider defendant's sentence alleging the sentence was excessive. At a hearing on defendant's motion, defense counsel argued at the time of the resentencing hearing, defendant had completed a substance abuse evaluation, "which was one of the issues with noncompliance with his probation." Moreover, Butler reiterated defendant was dealing with hardships surrounding his employment, child support obligations, and "domestic issues," which all contributed to defendant's noncompliance. However, at the time of the resentencing hearing, defendant had started to turn his life around. Therefore, Butler reasoned, "those issues that [defendant] had been experiencing that led to his noncompliance had become essentially moot issues."

¶ 14        The trial court denied defendant's motion to reconsider his sentence. According to the court, "There was a substantial amount for the Court to consider in mitigation on [defendant]. I did consider that. There was also a substantial amount of aggravation." The court acknowledged defendant had made progress. However, based on all the circumstances, it was "too late" to sentence defendant the way he wished to be sentenced.

¶ 15        This appeal followed.

¶ 16                                    II. ANALYSIS

¶ 17         On appeal, defendant argues Butler was ineffective at his sentencing hearing. Specifically, defendant alleges Butler "focused almost exclusively on [defendant's] noncompliance *** and how his noncompliance would be resolved in the future, before inviting [defendant] to make his own statements about why he had been noncompliant with probation."

¶ 18         Ineffective assistance of counsel claims are reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his attorney's representation fell below an objective standard of reasonableness and a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different." *People v. Peterson*, 2017 IL 120331, ¶ 79. "A failure by the defendant to satisfy either prong of the *Strickland* standard precludes a finding of ineffective assistance of counsel." *Peterson*, 2017 IL 120331, ¶ 79.

¶ 19         To show deficient performance, it is not sufficient that a defendant show that counsel's representation was imperfect, because *Strickland* guarantees only a "reasonably competent attorney." (Internal quotation marks omitted.) *Harrington v. Richter*, 562 U.S. 86, 110 (2011). The Illinois Supreme Court has "made it clear that a reviewing court will be highly deferential to trial counsel on matters of trial strategy, making every effort to evaluate counsel's performance from his perspective at the time, rather than through the lens of hindsight." *People v. Perry*, 224 Ill. 2d 312, 344 (2007). Counsel's strategic choices are virtually unchallengeable on appeal. *People v. Manning*, 241 Ill. 2d 319, 333 (2011). "Prejudice is established when a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v. Logan*, 2022 IL App (4th) 210492, ¶ 90. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the

proceeding." (Internal quotation marks omitted.) *People v. Moore*, 2020 IL 124538, ¶ 29. "Satisfying the prejudice prong necessitates a showing of actual prejudice, not simply speculation that [the] defendant may have been prejudiced." *People v. Patterson*, 2014 IL 115102, ¶ 81.

¶ 20　　　　Probation revocation proceedings "are considered noncriminal, and the probationer is entitled to fewer procedural rights than he would receive in a criminal trial." *People v. Goleash*, 311 Ill. App. 3d 949, 955 (2000). The defendant, at the probation revocation stage, has already been convicted. *People v. Henderson*, 2 Ill. App. 3d 401, 405 (1971). Therefore, at a probation revocation proceeding, the defendant is awaiting resentencing, not sentencing. *People v. Allegri*, 127 Ill. App. 3d 1041, 1045 (1984). "[W]hen resentencing after a revocation of probation, trial courts are entitled to consider the defendant's conduct on probation." *People v. Rathbone*, 345 Ill. App. 3d 305, 312 (2003).

¶ 21　　　　In his brief, defendant asserts Butler "failed to present any of the relevant mitigating evidence to the court." Defendant identifies three potential mitigating factors Butler should have presented at the resentencing hearing (1) the facts of the underlying offense, (2) defendant's "criminal history did not strongly support a lengthy extended prison sentence," and (3) defendant's substance abuse disorder. The failure to offer evidence in mitigation of a sentence does not, in and of itself, demonstrate incompetence. *People v. Holman*, 164 Ill. 2d 356, 370 (1995). However, defendant's assertion Butler "failed to present any of the relevant mitigating evidence to the court" is inventive and clearly contradicted by the record. We address each alleged factor in turn.

¶ 22　　　　　　　　　A. Facts of the Underlying Offense

¶ 23　　　　Defendant first argues Butler was ineffective for failing to present the facts of the underlying offense. We disagree. A review of the record indicates defendant was on mandatory supervised release (MSR) for home invasion at the time of the current offense. During the traffic

stop, defendant was found in possession of more than 5 grams but less than 15 grams of methamphetamine. It was reasonable for Butler not to draw attention to the fact that defendant was on MSR at the time of the offense. Given defendant's extended-term eligibility and Butler's attempt to argue for a probation-based sentence, we cannot say Butler was ineffective for avoiding a discussion of the facts of the underlying offense.

¶ 24                          B. Defendant's Criminal History

¶ 25          Defendant also alleges Butler was ineffective for failing to mention defendant's criminal history did not support a lengthy sentence. We disagree. At the resentencing hearing, Butler emphasized defendant had not accumulated any new offenses since the inception of the current case. Conversely, the PSI noted defendant had numerous prior convictions, including, *inter alia*, burglary, methamphetamine manufacturing, manufacture and delivery of a Schedule III narcotic, and home invasion. Additionally, defendant cannot establish he was prejudiced by this alleged failure to discuss his criminal history because the trial court determined defendant's criminal history was an aggravating factor. In addressing defendant's criminal history, the court stated, "As much as part of me wants to say all right, well, I'll give you some credit for [the convictions] being spread out, it looks like many of them are spread out because [defendant was] incarcerated in between them." "[T]he weight to be assigned to factors in aggravation and mitigation and the balance between those factors are matters within the sentencing court's discretion." *People v. Lefler*, 2016 IL App (3d) 140293, ¶ 31. Accordingly, we conclude counsel was not ineffective for failing to argue defendant's criminal history as a factor in mitigation.

¶ 26                          C. Defendant's Substance Abuse

¶ 27          Defendant contends Butler was ineffective for failing to argue his long history of substance abuse was a mitigating factor. Defendant's contention is belied by the record. At the

resentencing hearing, Butler offered into evidence defendant's recently completed substance abuse evaluation, which detailed defendant's history of substance abuse and opined defendant would likely benefit from community-based outpatient treatment. Further, defendant's PSI noted defendant had a history of substance abuse and treatment for such. Even assuming, *arguendo*, Butler failed to argue defendant's history of substance abuse was a mitigating factor, defendant cannot show he was prejudiced by this error because the trial court considered the substance abuse evaluation and the PSI in fashioning its sentence.

¶ 28                    D. Defendant's Conduct on Probation

¶ 29        Regarding Butler's focus on defendant's previous noncompliance with probation, Butler attempted to establish defendant was a candidate for another probationary sentence. In doing so, Butler argued defendant's noncompliance with probation was the result of circumstances largely beyond his control and those circumstances were no longer present. Butler asserted defendant (1) had eventually completed a substance abuse evaluation, (2) had not committed any new crimes during the pendency of the case, and (3) was willing and able to comply with conditions of probation. Moreover, defendant's lengthy statement in allocution (spanning nearly 12 pages of the record) reflected these alleged hardships and confirmed most of the circumstances that led to his noncompliance with probation were no longer present. It was reasonable for Butler to discuss these circumstances while requesting a probationary sentence in an attempt to show defendant would be compliant if he were given a second change at probation. See *Rathbone*, 345 Ill. App. 3d at 312 ("[W]hen resentencing after a revocation of probation, trial courts are entitled to consider the defendant's conduct on probation."). Therefore, we conclude defendant has failed to establish Butler's performance fell below an objective standard of reasonableness or otherwise

constituted ineffective assistance of counsel as it relates to Butler's arguments surrounding defendant's noncompliance on probation.

¶ 30                                    E. Motion to Reconsider

¶ 31        Lastly, defendant argues Butler provided ineffective assistance "by failing to preserve any" of defendant's sentencing claims in defendant's motion to reconsider his sentence. Defendant observes, "[C]ounsel's motion to reconsider sentence contained two numbered lines," and suggests because of Butler's "erroneous arguments, the court was unable to consider relevant mitigating evidence that counsel failed to present, leading to an eight-year, extended-term prison sentence." We disagree.

¶ 32        To demonstrate prejudice, defendant must show the results of the proceeding would have been different had Butler raised the alleged errors in the motion to reconsider sentence. At the motion to reconsider hearing, Butler asserted defendant's sentence was excessive given the mitigating circumstances. Butler reiterated defendant was a candidate for a lesser sentence because "some of those issues that he had been experiencing that led to [defendant's] noncompliance had become essentially moot issues." The trial court indicated it had taken into consideration

> "the pleadings and the arguments of the parties and everything that I considered at the sentencing hearing. There was a substantial amount for the Court to consider in mitigation on [defendant]. I did consider that. There was also a substantial amount of aggravation. And I recognize [defendant] had made some progress later, but, based on all the circumstances, it was *** too late, at least for the Court to consider the sentencing where [defendant] wanted the Court to go."

The court denied defendant's motion to reconsider "[b]ased on the total circumstances." It is apparent the court considered all relevant sentencing factors. Indeed, the court recognized "there

- 10 -

was a substantial amount" of both mitigating and aggravating factors. However, based on the totality of the circumstances, the court ultimately concluded an eight-year sentence was appropriate. We therefore conclude defendant cannot demonstrate prejudice with regard to his ineffective assistance claim as it relates to the motion to reconsider his sentence.

¶ 33                                III. CONCLUSION

¶ 34          For the reasons stated, we affirm the trial court's judgment.

¶ 35          Affirmed.